OPINION. Smith, Judge-. We think that the respondent has correctly determined that petitioner is taxable on all of the profits from his furniture business in 1940. The evidence here discloses another of those superficial arrangements whereby a husband undertakes to make his wife a partner in his business for the obvious, if not the sole, purpose of reducing his income taxes. The picture here is plainly drawn for us. About 1939 petitioner found himself confronted with the prospect of large earnings from his furniture business and the certainty of large income taxes. The matter of the taxes caused him concern. In his travail he sought the help of his accountant. Together they evolved the plan for the husband and wife partnership. Petitioner would “sell” to his wife a one-half interest in the business. He would make her a “gift” of a part of the purchase price and take her promissory notes for the balance. She could pay off the notes from her share of her profits of the business. He could raise the money for the gift to her by withdrawing some of the surplus cash from the business and borrowing the balance from the bank. He could repay the bank out of her payments on the notes and his share of the partnership profits. An attorney was engaged to look after the legal phases of the plan. Finally, the partnership emerged from the metamorphosis clothed in the outer garment of legal respectability, but inwardly perhaps a little uneasy over the flimsiness of its under garment of income tax alleviation. The formalities of executing the partnership agreement and registering the business with the Pennsylvania authorities as a partnership did not change petitioner’s economic interests in the business. The wife acquired no separate interest of her own by turning back to petitioner the $50,000 which he had given her conditionally and for that specific purpose. The evidence shows that she had very little to do with the formation of the partnership. She testified that “On the advice of counsel I did what he told me to do.” On facts similar to those in the present case we denied the existence of a partnership status for income tax purposes between a husband and wife in Francis Doll, 2 T. C. 276. Cf. Francis E. Tower, 3 T. C. 396. In Schroder v. Commissioner, 134 Fed. (2d) 346, the court ref erred to a comparable factual situation as “another of those efforts to make future returns from personal services taxable to some one other than the real earner of them.” The income there resulted largely from the taxpayer’s services and abilities as a mechanical and electrical engineer. Here the income resulted largely from petitioner’s services and ability as manager of his furniture business and the employment of his capital in the business. The question of the validity of the partnership under the laws of the state of its creation (Alabama) was not considered important in that case. Whether or not the arrangement which petitioner made with his wife constituted a valid partnership under the laws of Pennsylvania, we do not think that it'should be given recognition for Federal income tax purposes. Petitioner now claims the right to the personal exemption of $2,000 which was claimed by his wife in her separate return for 1940. Neither the petitioner nor the respondent refers to this claim in the brief filed by each. The pertinent provision of section 25 (b) (1) of the Internal Revenue Code provides: * * If such husband and wife make separate returns, the personal exemption may be taken by either or divided between them.” We do not have the petitioner’s wife before us in this proceeding. Since on her separate return she claimed a personal exemption of $2,000, whereas the petitioner claimed none, and since the petitioner’s wife has not waived claim to a personal exemption of $2,000 against her income tax liability for 1940, the determination of the respondent that the petitioner is not entitled to a personal exemption of any part of the $2,000 is approved. Decision will be entered for the respondent.