OPINION. Disney, Judge: Our problem here is whether the two petitioners are taxable upon all of the income of a partnership, or whether one-half shall be taxed to their wives. * * * The issue is who earned the income and that issue depends on whether this husband and wife really intended to carry on business as a partnership. Those issues cannot be decided simply by looking at a single step in a complicated transaction. To decide who worked for, otherwise created or controlled the income, all steps in the process of earning the profits must be taken into consideration. [Commissioner v. Tower, 327 U. S. 280, citing Commissioner v. Court Holding Co., 324 U. S. 331.] Upon the facts found as above, was partnership income taxable only to the husbands ? Though the wives had let the husbands have some money when the business was purchased in 1930, no showing is made that such fact was considered to give them any interest in the business, and as to Schreiber it may have been repaid. We therefore consider such moneys of no material effect here. That the husbands in January 1937 each gave his wife an interest in the business is not controlling. In Commissioner v. Tower, supra, the Supreme Court found it unnecessary to decide whether or not a gift (of corporate stock on condition that corporate assets represented thereby be placed in a partnership) was conditional and therefore incomplete, saying, as above quoted, that the issue was who earned the income, that depending on whether there was real intention to carry on business as a partnership, and that all steps must be considered. We have carefully examined the steps taken and facts involved here, and, in our opinion, there was not in the arrangement involved the reality which is required for taxation of income therefrom to the wives. That compliance with the Michigan law of partnership is not conclusive is specifically held in the Tower case, also involving an alleged partnership in Michigan. Here, as we concluded in that case when it was before us, the husbands continued to manage and control the business as before the partnership, the wives making no material contribution of services, and the capital contribution did not originate with the wives. Here, as in A. L. Lusthaus, 3 T. C. 540; affd., 149 Fed. (2d) 232, which was affirmed in Lusthaus v. Commissioner, 327 U. S. 293, the wives were not permitted to draw checks on the partnership account, and the bill of sale covering an interest in the business, for a consideration furnished by the husband, was not different in result from the outright conveyance of the partnership interests here involved. We there held that the “partnership” income was that of the husband. We do not think that the wives had the requisite “command of the taxpayer over the income which is the concern of the tax laws,” as said in the Tower case. This case does not differ in essentials from such cases as Mead v. Commissioner, 131 Fed. (2d) 323; Lorenz v. Commissioner, 148 Fed. (2d) 527; or Earp v. Jones, 131 Fed. (2d) 292, wherein income was ascribed to the husbands. No provision of the contract provides that the wives should bear losses. Their contributions were to be returned to them upon dissolution. We conclude and hold that the Commissioner did not err in including all of the partnership income in the gross income of the petitioners. Upon brief respondent insists that the reasons given by him for taxing the net income of the partnership to petitioners apply with equal force to the net income of the B & S Realty Co. He argues that partnership funds were used to purchase the building and that the income therefrom was the income of the petitioners and/or the Royalite Co. The building was purchased by the wives of petitioners in their own names with money distributed to them as their distributive share of the profits of the Royalite Co., and the income from the building was retained for their own use and benefit. Petitioners’ wives received profits of the Royalite Co. as partners thereof without any strings attached to the use of the money. They invested it in a building for which the partnership had need and leased at a rental, the reasonableness of which is not being questioned by the respondent. The income from the property is no more taxable to petitioners than would be the income from any other property the wives could have purchased with the money. We do not find reason to tax petitioners with the income from the property. The wives had received as their own, with the consent of their husbands, the money with which that property was purchased. It was, as we have held, the income of the husbands, but in substance it was given to the wives, and we may not say that property purchased therewith or the income therefrom belongs to the husbands merely because they were taxable. Very recently, in Carlton B. Overton, 6 T. C. 304, we sustained the respondent’s contention that income of a husband from stock in wife’s name constituted a gift to his wife. The money here involved was distributed by the partnership to the wives. Even had it been distributed to the husbands, instead of the wives, and invested by them in property, income from the property would not be partnership income unless the property was held as a part of the partnership business. The partnership business here was “sale at wholesale of electrical fixtures and equipment,” not real estate, and a building purchased with distributed partnership income would not, without articles of partnership covering such building, be a partnership asset, or its income partnership income. The fact here is one step farther removed from partnership income from the rents on the building, for the purchase money had been distributed to, and had become the property of, the wives. In our opinion, the income from property owned by the wives, though purchased with moneys held income to their husbands, was not income to the husbands. We so hold. The above conclusion renders it unnecessary to pass upon the question of res adjuMcata because of the rulings of the Board of Tax Appeals in Docket Nos. 100992 and 100993. Reviewed by the Court. Decision will be entered under Rule 50.