*Decis ons will be entered under Rule 50.*

LEWIS COLEMAN BENSON, PETITI /NER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6257. P omulgated April 17, 1946.

*Robert R. Milam, Esq.,* for the petitioner.
*F. L. Van Haaften, Esq.,* for the respondent.

750

**752**

SMITH, *Judge*: Our only question here is whether there was a business partnership between petitioner and his wife, the wife acting as trustee for their two daughters, as to the business operated under the name of "N. A. P. A. Jacksonville Warehouse."

We think that the above stated facts, which we shall not repeat, bring this case within the rule of *Commissioner* v. *Tower*, 327 U. S. 280, and *Lusthaus* v. *Commissioner*, 327 U. S. 293. Petitioner's claim for recognition of the partnership here rests entirely upon the alleged ownership by each of the daughters of an undivided 24 percent capital interest in the business. These capital interests were assigned to the daughters by trust deeds to their mother simultaneously with the execution of the partnership agreement.

In *Commissioner* v. *Tower*, *supra*, the Court said:

* * * The question here is not simply who actually owned a share of the capital attributed to the wife on the partnership books. A person may be taxed on profits earned from property, where he neither owns nor controls it. *Lucas* v. *Earl, supra*. The issue is who earned the income and that issue depends on whether this husband and wife really intended to carry on business as a partnership. Those issues cannot be decided simply by looking at a single step in a complicated transaction. To decide who worked for, otherwise created or controlled the income, all steps in the process of earning the profits must be taken into consideration. See *Commissioner* v. *Court Holding Co.*, 324 U. S. 331, 334. Of course, the question of legal ownership of the capital purportedly contributed by a wife will frequently throw light on the broader question of whether an alleged partnership is real or pretended. But here the Tax Court's findings were supported by a sufficient number of other factors in the transaction, so that we need not decide whether its holding as to the completeness of the gift was correct. Cf. *Helvering* v. *Hallock*, 309 U. S. 106, 117, 118 ; *Burnet* v. *Wells*, 289 U. S. 670, 677.

II. There can be no question that a wife and a husband may, under certain circumstances, become partners for tax, as for other, purposes. If she either invests capital originating with her or substantially contributes to the control and management of the business, or otherwise performs vital additional services, or does all of these things she may be a partner as contemplated by 26 U. S. C. §§ 181, 182. The Tax Court has recognized that under such circumstances the income belongs to the wife. A wife may become a general or a limited partner with her husband. But when she does not share in the management and control of the business, contributes no vital additional service, and where the husband purports in some way to have given her a partnership interest, the Tax Court may properly take these circumstances into consideration in determining whether the partnership is real within the meaning of the federal revenue laws.

Neither the wife nor the daughters here invested any capital "originating" with them; the capital all originated with the petitioner. Neither did the wife nor the daughters contribute any services to the business which produced the income. It was at all times under the exclusive management and control of the petitioner. The conclusion here is inescapable that the trust conveyances and the partnership

agreement were all related steps in a plan of the petitioner to divide his income among the members of his immediate family for the purpose of reducing his taxes.

The circumstances of the creation of the trusts with the wife acting as trustee for the daughters does not affect the question of whether there was a partnership which should be recognized for tax purposes. A trustee's participation in a business partnership stands on the same considerations as an individual's.

We think that the respondent correctly determined that all of the warehouse profits are taxable to the petitioner as his individual income.

*Decision will be entered for the respondent.*