Helen STEIN, Plaintiff,

v.

DIRECTOR OF INTERNAL REVENUE, Defendant.

James STEIN, Plaintiff,

v.

DIRECTOR OF INTERNAL REVENUE, Defendant.

Civ. A. Nos. 15607, 15608.

United States District Court
E. D. New York.

Sept. 28, 1955.

Samuel Becker, New York City, for plaintiffs.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., for defendant; H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe

and George T. Rita, Attys., Department of Justice, Washington, D. C., of counsel.

ABRUZZO, District Judge.

The defendant moves to dismiss two complaints pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. on the ground that the complaints fail to state a cause of action on which relief can be granted. The plaintiffs, Helen Stein, and James Stein, each of whom has instituted a separate action, were partners in a co-partnership known as the Milwaukee Cloak & Suit Company. In February, 1944, the partnership entered into a contract with the Civic Finance Corp. of Wisconsin which provided for the sale of all the partnership "accounts receivable.". They filed income tax returns for the years 1944, 1945, and 1946 with the Collector of Internal Revenue in Brooklyn, New York, which included income from the partnership and paid the tax thereon. Subsequently a deficiency was assessed against them for the years in question for additional partnership income on the basis of a finding by the Commissioner of Internal Revenue that the transfer of the accounts to the finance company constituted sales. The plaintiffs paid the deficiencies and then filed claims for refund. On June 7, 1954, the claims were rejected by the District Director of Internal Revenue of Lower Manhattan and the plaintiffs instituted these actions claiming that the deficiencies were erroneously assessed in that the transactions based on the contract with the finance company constituted loans and not sales.

In moving to dismiss the complaint the defendant contends that as a matter of law the contract between Milwaukee Cloak & Suit Company and Civic Finance Corp. states that the transfer of the accounts receivable is a sale because such words as "sell," "the purchase price," "purchased," "buy," "repurchased," and "shall be the sole property of the finance company" are used throughout the agreement and that there is nothing contained in the contract reciting anything about security for a loan.

Plaintiffs contend that the language and form of the agreement is not controlling and that the real substance and intention of the agreement must prevail in spite of the "diverting formality" of the words and terms of the agreement, and while couched in terms of purchase and sale it was intended to be a collateral loan agreement or pledge. The defendant further claims that the same contract had been construed by the Tax Court of the United States in the case of Nickoll v. Commissioner, 17 T.C. 1645, decided September 11, 1951 (Tax Court docket Nos. 26206 and 26207), to constitute a sale and not a loan.

In Commissioner v. Court Holding Co., 324 U.S. 331, at page 334, 65 S.Ct. 707, 708, 89 L.Ed. 981, it was held:

"The incidence of taxation depends upon the substance of a transaction. * * * "

1 Bouv. Law Dictionary Rawle's Third Revision, p. 3173, holds that substance is used in opposition to form.

The complaints in these actions allege that the agreement was intended to be a loan agreement and plaintiff should be permitted to prove the intention of the parties to the agreement and not be precluded because of its form. The Nickoll case cannot be considered res judicata as against these plaintiffs because there is nothing in the Nickoll case to evidence that these plaintiffs were parties thereto.

The motions are denied.