**PIGEON-HOLE PARKING, INC.,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. No. 1774.**

United States District Court
E. D. Washington, N. D.

Feb. 16, 1961.

As Amended June 19, 1961.

Francis J. Butler, Spokane, Wash., for plaintiff.

Dale M. Green, U. S. Atty., Spokane, Wash., for defendant.

POWELL, Chief Judge.

This is an action to recover income taxes paid because of a disputed deficiency assessment.

Pigeon-Hole Parking, Inc. is a Washington corporation, with principal offices in Spokane, Washington. Its fiscal year ended on January 31 and the two tax years involved are the ones ending January 31, 1955, and January 31, 1956. The Internal Revenue Service audited the Federal Income Tax Returns as filed and claimed a deficiency for the two years.

Certain net operating loss carry back to the fiscal years of 1955 and 1956 affect the tax liability in this case. However, the problem may be treated without particular reference to the years involved as they are specifically set out in the pretrial order.

The two questions involved are as follows:

1. Is the corporation entitled to treat as capital gain the amounts which were received on the sale of franchises for the use of units of Pigeon-Hole Parking, Inc., and

2. Is the plaintiff corporation entitled to deduct as interest the total amount of $33,330 representing payments to Messrs. Blandi and Young, or was that transaction a stock transaction?

### 1. Franchise Sales.

The plaintiff had certain patents in connection with the construction and operation of its parking units. They made no grant of any interest in the patent and reserved the right to construct the elevator portion of the units.

The contract, which is referred to as the "Fairfax Service, Inc. Contract" (Plaintiff's Exhibit 7–b) is recognized as a typical contract for the sale of the franchises.

The question for determination is whether the transaction constitutes a sale or whether it is a license. In reviewing the evidence and the authorities cited, it is my conclusion that Schmitt v. Commissioner, 9 Cir., 271 F.2d 301, is controlling. In that case the issuance of a license similar to that involved in this case was denied capital gain treatment.

It is my holding that the plaintiff in this case is not entitled to treat the franchise sales as sales but they are the issuance of licenses and they are not entitled to capital gain treatment.

### 2. Claimed Interest Deduction.

Mr. Taylor, as agent for the plaintiff corporation, contacted Blandi and Young in Pittsburgh. The corporation needed

$50,000 to aid in the repurchase from Schusett of a franchise granted to him for certain states. At that time the stock of the plaintiff was selling at $3. per share and 16,666 shares, totaling in value $50,000, were sold to Blandi and Young under a contract, under which, at the option of Blandi and Young, the stock would be repurchased by plaintiff by a certain time at $4.50 per share.

The attorney who drew the instrument, Mr. McKinley, states that he knew when he drew the instrument that it was a capital gains item and would be so treated on the Blandi tax returns, and it has been so treated. Mr. McKinley also stated that Mr. Vaughn Sanders was advised to the same effect.

The evidence of the plaintiff to the effect that it was treated as a loan is not convincing in view of the specific statements in the depositions of the parties in Pittsburgh, and the specific recitals in the instrument itself.

A similar case is American-La France-Foamite Corp. v. Commissioner, 2 Cir., 284 F.2d 723. There the question was whether a stock transaction would be considered as a loan and whether the taxpayer could deduct the loss of the loan as a bad debt. In his opinion Judge Moore states:

> It is said that 'the intention of the parties is a major factor in determining the true nature of the relationship' (Jennings v. United States, 7 Cir., 1959, 272 F.2d 842). However, 'intention' is often a highly artificial and hypothetical concept because most frequently business ventures originate and are carried on without any clear intent as to tax consequences. If the venture is directed from the start by tax counsel and accountants, it is likely that the advances will be definitely recognizable as loans or capital contributions. Absent, however, any such directions, the ultimate outcome, the success or failure of the venture, may well dictate a preferred tax treatment which was not intended or even foreseen at the inception of the venture.

> "The 'substance' rather than the 'form' of the transaction has frequently been stressed (Commissioner v. Court Holding Co., 1945, 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981; Gilbert v. Commissioner, 2 Cir., 1959, 262 F.2d 512, certiorari denied 1959, 359 U.S. 1002, 79 S.Ct. 1139, 3 L.Ed.2d 1030). In final analysis, it is from that composite of all the facts that an attempt must be made to create a probably non-existent intent and to decide in relation to accepted business practices whether the 'loan' pan of the scale is heavier than the 'capital contribution' pan.
> * * *

> "(Manufacturer) to support a debtor-creditor relationship points to the fact that both (it) and (subsidiary) on their books and financial statements treated the advances as loans; that the advances were not in proportion to the stockholdings and that the advances were partially repaid.

> "The Commissioner buttresses his stand by asserting that the 'loans' were not made to a 'going business' but were for the purpose of getting the business going; that no notes were given to evidence the so-called indebtedness; that no time was fixed for repayment; that no interest was charged; and that (subsidiary's) financial condition was so weak that repayment was entirely contingent upon the success of the venture." 284 F.2d 724.

█ It is my conclusion that in this case the loan side of the scales does not weigh as heavy as the stock transaction side, and that this was in fact a stock transaction and should be so treated by both taxpayers.

For the reasons herein given the Court finds for the defendant and against the plaintiff on both features of the case.

The defendant is directed to prepare and present findings and judgment.