## COMMISSIONER OF INTERNAL REVENUE *v.* COURT HOLDING CO.

No. 581. Argued February 26, 1945.—Decided March 12, 1945.

*Assistant Attorney General Samuel O. Clark, Jr.,* with whom *Solicitor General Fahy, Messrs. Sewall Key, Harry Baum,* and *Miss Helen R. Carloss* were on the brief, for petitioner.

*Mr. Maurice Kay,* with whom *Mr. Charles M. Trammell* was on the brief, for respondent.

MR. JUSTICE BLACK delivered the opinion of the Court.

An apartment house, which was the sole asset of the respondent corporation, was transferred in the form of a liquidating dividend to the corporation's two shareholders. They in turn formally conveyed it to a purchaser who had originally negotiated for the purchase from the corporation. The question is whether the Circuit Court of Appeals properly reversed [1] the Tax Court's conclusion [2] that the corporation was taxable under § 22 of the Internal Revenue Code [3] for the gain which accrued from the sale. The answer depends upon whether the findings of the Tax Court that the whole transaction showed a sale by the corporation rather than by the stockholders were final and binding upon the Circuit Court of Appeals.

It is unnecessary to set out in detail the evidence introduced before the Tax Court or its findings. Despite conflicting evidence, the following findings of the Tax Court are supported by the record:

The respondent corporation was organized in 1934 solely to buy and hold the apartment building which was the only property ever owned by it. All of its outstanding stock was owned by Minnie Miller and her husband.

---

[1] 143 F. 2d 823.

[2] 2 T. C. 531.

[3] Profits from the sale of property are taxable as income under § 22 (a) of the Internal Revenue Code, 26 U. S. C. 22. The Treasury Regulations have long provided that gains accruing from the sales of a corporation's assets, in whole or in part, constitute income to it, but that a corporation realizes no taxable gain by a mere distribution of its assets in kind, in partial or in complete liquidation, however much they may have appreciated in value since acquisition. §§ 19.22 (a)–19, 19.22 (a)–21, Treasury Regulations 103.

Between October 1, 1939 and February, 1940, while the corporation still had legal title to the property, negotiations for its sale took place. These negotiations were between the corporation and the lessees of the property, together with a sister and brother-in-law. An oral agreement was reached as to the terms and conditions of sale, and on February 22, 1940, the parties met to reduce the agreement to writing. The purchaser was then advised by the corporation's attorney that the sale could not be consummated because it would result in the imposition of a large income tax on the corporation. The next day, the corporation declared a "liquidating dividend," which involved complete liquidation of its assets, and surrender of all outstanding stock. Mrs. Miller and her husband surrendered their stock, and the building was deeded to them. A sale contract was then drawn, naming the Millers individually as vendors, and the lessees' sister as vendee, which embodied substantially the same terms and conditions previously agreed upon. One thousand dollars, which a month and a half earlier had been paid to the corporation by the lessees, was applied in part payment of the purchase price. Three days later, the property was conveyed to the lessees' sister.

The Tax Court concluded from these facts that, despite the declaration of a "liquidating dividend" followed by the transfers of legal title, the corporation had not abandoned the sales negotiations; that these were mere formalities designed "to make the transaction appear to be other than what it was" in order to avoid tax liability. The Circuit Court of Appeals drawing different inferences from the record, held that the corporation had "called off" the sale, and treated the stockholders' sale as unrelated to the prior negotiations.

There was evidence to support the findings of the Tax Court, and its findings must therefore be accepted by the

courts. *Dobson* v. *Commissioner*, 320 U. S. 489; *Commissioner* v. *Heininger*, 320 U. S. 467; *Commissioner* v. *Scottish American Investment Co.*, 323 U. S. 119. On the basis of these findings, the Tax Court was justified in attributing the gain from the sale to respondent corporation. The incidence of taxation depends upon the substance of a transaction. The tax consequences which arise from gains from a sale of property are not finally to be determined solely by the means employed to transfer legal title. Rather, the transaction must be viewed as a whole, and each step, from the commencement of negotiations to the consummation of the sale, is relevant. A sale by one person cannot be transformed for tax purposes into a sale by another by using the latter as a conduit through which to pass title.[4] To permit the true nature of a transaction to be disguised by mere formalisms, which exist solely to alter tax liabilities, would seriously impair the effective administration of the tax policies of Congress.

It is urged that respondent corporation never executed a written agreement, and that an oral agreement to sell land cannot be enforced in Florida because of the Statute of Frauds, Comp. Gen. Laws of Florida, 1927, vol. 3, § 5779. But the fact that respondent corporation itself never executed a written contract is unimportant, since the Tax Court found from the facts of the entire transaction that the executed sale was in substance the sale of the corporation. The decision of the Circuit Court of Appeals is reversed, and that of the Tax Court affirmed.

*It is so ordered.*

---

[4] *Gregory* v. *Helvering*, 293 U. S. 465; *Minnesota Tea Co.* v. *Helvering*, 302 U. S. 609; *Griffiths* v. *Commissioner*, 308 U. S. 355; *Higgins* v. *Smith*, 308 U. S. 473.