OPINION. Sternhagen, Judge: 1. The Commissioner disallowed the deduction taken by the taxpayer of the “interest” accrued upon the outstanding debentures, and the taxpayer undertakes to establish that the debentures are evidences of indebtedness, that the accrued amounts are interest thereon, and that, since the method of its accounts is an accrual method, such amounts are deductible by it in the year of accrual. Sec. 23 (b), I. R. C. The evidence and argument follow a familiar pattern to show that the debentures have attributes of indebtedness. Cf. Charles L. Huisking & Co., 4 T. C. 595. The debentures are in approved legal form, and, if their legal attributes alone were determinative of the character of the interest accruals, there would be little room for doubt that they were the indebtedness they purport to be. Cf. Clyde Bacon, Inc., 4 T. C. 1107. But, for tax purposes, their conformity to legal forms is not conclusive. Although a taxpayer has the right to cast his transactions in such form as he chooses, and the form he chooses will generally be respected, the Government is not required to acquiesce in the taxpayer’s election of form .as necessarily indicating the character of the transaction upon which his tax is to be determined. “The Government may look at actualities and upon determination that the form employed for doing business or carrying out the challenged tax event is unreal or a sham may sustain or disregard the effect of the fiction as best serves the purposes •of the tax statute.” Higgins v. Smith, 308 U. S. 473. See also Commissioner v. Court Holding Co., 324 U. S. 331. The Government is not bound to recognize as the substance or character of a transaction a technically elegant arrangement which a lawyer’s ingenuity has ■devised. Griffiths v. Commissioner, 308 U. S. 355. We therefore bypass the examination of the legalistic craftsmanship of the debentures which the taxpayer invites and go directly to the circumstances to determine whether, notwithstanding their form, the substa je of the transaction which they purport to evidence was in actuality a loan or indebtedness and whether the substance of the accrual sought to be deducted is in reality interest. The corporation was formed as a means of holding a, piece of productive real property in New York City which had been left by a decedent to fourteen individuals scattered about the country, one of whom was discontented and wanted the property sold and his interest converted into cash. A plan was devised whereby the others would buy bim out. This corporation was the result, and to it the property was transferred. No loan was made to the corporation by the owners, either of property or of money. The property was worth at least $1,200,000 (maybe more) and was yielding $85,000 rent; a mortgage was given for $300,000, and the equity plus $40,000 was contributed by the owners to the new corporation for all of its 390 shares and the debentures, aggregating $1,170,000, entirely unsecured. The corporation in the tax years had substantial deficits. In these circumstances, there is no identification of the portion of the contribution contributed for the shares and the portion contributed for the debentures, and the latter was no less at the risk of the business than the former. The entire contribution was a capital contribution rather than a loan, but by the form adopted the corporation was in a position to feign that its rent income was used as a means of discharging its debenture obligation, giving it a tax deduction, and not as a distribution of dividends, which would not be deductible. Cf. Edward G. Janeway, 2 T. C. 197; 147 Fed. (2d) 602; Commissioner v. Kelley Co., 146 Fed. (2d) 466 (C. C. A., 7th Cir., Dec. 21, 1944); Talbot Mills v. Commissioner, 146 Fed. (2d) 809. The distribution of the rent income, whether called interest or principal on debentures or dividends on shares, would go to the same persons in the same proportions, since each had the same proportionate number of both, and it would matter not to them whether the distribution was called dividends or interest. But to the corporation on the accrual method it mattered materially whether the distribution was called interest, thus being deductible in computing its taxable net income, even though not actually paid, or dividend, which would be without a favorable tax effect. The agreements show that the voting trustees could in their discretion elect to cause the corporation to distribute surplus either as dividends or as interest or principal. Such an election of form by the taxpayer, although permissible for its own purposes, is not one in which the Government is required to acquiesce, but is one which for the purpose of the tax statute it may disregard as a fiction. Since we are of opinion that the evidence does not show that the debentures were, or were intended to be, evidences of indebtedness, and the Commissioner has determined that the amounts accrued by the corporation as interest were not such, we think that under the decisions of the Supreme Court the determination must be sustained. As in Charles L. Huishing & Co., supra, in which a similar plan was devised and defended by the same lawyer (cf. Commissioner v. O. P. P. Holding Co., 76 Fed. (2d) 11), these securities are more nearly like preferred stock than indebtedness. The debentures are unsecured and are subordinated to the claims of all creditors, and, although interest is in form absolute, none (except $1,248.74 in 1933) has been paid and payment could be deferred by the corporation entirely until 1942 and longer (as in fact it was), and the debtor was immune from suit unless 75 percent of the holders joined. It is idle to argue that the debentures were transferable and must therefore be judged separately from the shares, for they were issued to the same persons as held the shares, and in the same proportions, and they were not in fact transferred. No significance can be given to the fact that Milner transferred $15,000 of his debentures to his wife and $15,000 to Bauman in trust, or that once, in 1933, $1,248.74 was actually paid and treated as interest on the debentures. Interest is payment for the use of another’s money which has been.borrowed, but it can not be applied to this corporation’s payment or accruals, since no principal amount had been borrowed from the debenture holders and it was not paying for the use of money. The Commissioner’s determination disallowing the deduction taken for interest on the debentures is sustained. 2. An issue under Internal Revenue Code, section 734, is cloudily presented in respect of an inconsistent position taken by the taxpayer as to its excess profits credit based on invested capital. In its excess profits tax returns for 1940 and 1941 the taxpayer included the value of its property in its invested capital as property “paid in for stock.” This was inconsistent with its position in its earlier income tax returns, the correction of which is now prevented by operation of law, that the debentures represented an indebtedness. This inconsistent position was, however, one from which, by the Commissioner’s regulations (Regulations 112, sec. 35.734-2), it was permitted to withdraw. The taxpayer did by a timely letter withdraw from its inconsistent position ánd at the hearing expressly waived it. The Commissioner has also taken a similar inconsistent position, for, while he disallowed the deduction of interest on the debentures, he nevertheless treated the debentures as “borrowed capital” for the purpose of computing the excess profits tax credit. Hence, no adjustment of the income taxes for 1932, 1935, 1936, and 1937, under section 734, is to be made. The earlier years of such deductions are not within the limitation period and the allowance therefor is not subject to correction. The present decisiones therefore confined to the approval of the determination for the years in issue disallowing the deduction for interest, and requires the inclusion in equity invested capital of the value of the property paid in for the pseudo debentures as if such payment had been in form as well as substance paid in for preferred shares. Decision will he entered under Rule 50.