Sterni-iagen, /., dissenting: The Commissioner has determined that the partnership of the petitioner and his wife may not be recognized for tax purposes. The Supreme Court said in Higgins v. Smith, 308 U. S. 473, that if the form employed by a taxpayer for doing business is unreal or a sham, the Government has authority to disregard the effect of the fiction for the purpose of the tax statute. This is not a determination that the partnership did not exist for any purpose, for, as the Smith case recognizes, the taxpayer may adopt such organization for his affairs as he may choose, even though for tax purposes the Government may not be required to acquiesce in the form which the taxpayer chooses. This was but a repetition of the idea that a taxpayer may not rely on a technical legal form as a means of reducing his tax. The judicial refusal to recognize for tax purposes the force of “technically elegant” legal arrangements has been repeated consistently whenever the occasion has arisen in litigation before that Court, Gregory v. Helvering, 293 U. S. 465; Helvering v. Griffiths, 308 U. S. 355; Helvering v. Clifford, 309 U. S. 331; and Commissioner v. Court Holding Co., 324 U. S. 331. So, I think, despite the technically correct forms adopted by the taxpayer for giving his wife an interest in the business and making a partnership agreement with her, the conduct of the business was unchanged and the Commissioner’s refusal to recognize the partnership as an organization which lessened the husband’s income and tax was correct and should be sustained. Habron and Offer, JJ., agree with this dissent.