O. W. Fode v. Commissioner. A. Z. Fode v. Commissioner. Della Mae Ramstad, nee Fode v. Commissioner.
O. W. Fode v. Commissioner
Docket Nos. 7795, 7796, 7797.
United States Tax Court
1946 Tax Ct. Memo LEXIS 111; 5 T.C.M. (CCH) 709; T.C.M. (RIA) 46199; August 9, 1946
*111 William H. Oppenheimer, Esq., and Milton K. Higgins, Esq., First National Bank Bldg., Manden, N.D., for the petitioners. Lester M. Ponder, Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, Judge: These proceedings were consolidated for hearing and involved deficiencies in income taxes for the petitioners for the year 1941 in the respective amounts of $24,645.43, $7,911.62, and $3,327.14. In their returns for the taxable year, filed with the collector for the district of North Dakota, each petitioner reported an amount as representing his or her one-third distributive share of the profits of an alleged partnership doing business under the firm name of Midwest Motors and Midwest Credit Co. The respondent, in determining the deficiencies, declined to recognize the existence of a partnership for income tax purposes. In view of such action, he taxed petitioner O. W. Fode on all of the income of the business and as a protective measure, included one-half thereof in the income of petitioner A. Z. Fode and one-third in the income of the other petitioner. The petitioners alleged in their petitions that each was a one-third owner of the business. *112 The allegation of Della Mae Ramstad was abandoned at the hearing and upon brief respondent concedes that there is no deficiency as to her. Accordingly, decision will be entered for the petitioner in docket No. 7797. The issue remaining for decision in the proceedings of the other petitioners, husband and wife, is whether the income of the business is taxable to the husband, or one-half to him and the other half to his wife. Findings of Fact Petitioners O. W. Fode and A. Z. Fode, residents of Jamestown, North Dakota, are husband and wife, and the parents of petitioner Della Mae Ramstad. The Federal income tax returns of the petitioners were filed with the collector for the district of North Dakota. In about 1929, O. W. Fode, hereinafter sometimes referred to as the petitioner, and Andrew Zimmerman, his father-in-law, organized a corporation known as the Midwest Motor Co., to engage in the automobile business. The petitioner contributed about $8,000 and Andrew Zimmerman about $4,000 to the capital of the corporation. In 1930 or 1931, the petitioner acquired the bulk of the assets and assumed the liabilities, which he later paid, of the corporation and commenced to operate the *113 former business of the corporation as sole owner. At some undisclosed time after petitioner took over the business of the corporation, Andrew Zimmerman gave his daughter, petitioner A. Z. Fode, such remaining interest as he had in the assets of the corporation. In 1931, petitioner A. Z. Fode had a small credit on the books of the corporation for wages. At the time of her marriage to petitioner, the date of which does not appear in the record, she had "some cash" and received as a gift from her father, furniture worth from $1,500 to $2,000, one-half of which she and petitioner thereafter sold and part of the proceeds of sale was saved by her. In addition thereto, from time to time, she received undisclosed amounts of cash from her parents. From time to time, from 1931 to 1937, petitioner's wife made advances of cash to him out of the money she derived from such sources. The petitioner, about July 19, 1938, filed a gift tax return for the year 1937, in which appeared the following statement: Sold half interest in business known
as Midwest Motor Company,
Jamestown, North Dakota, to wife,
A. Z. Fode, of Jamestown, North
Dakota, to secure additional capi-
tal. Balance sheet value 11-37
[sic]
$42,169.64
Received cash and salary credit for
1937
9,251.00
Balance for no consideration other
than love and affection
32,918.64
Annual exemption
5,000.00
Balance on net gift
27,918.64
*114 No written partnership agreement was ever entered into between petitioner and his wife. They verbally agreed that she had a one-half interest in the business with a like interest in its distribution. Opinion The petitioner and his wife make two contentions upon brief to show error in the action of the respondent in taxing the husband on all of the income of the business. One of them, briefly stated, is that her contribution of original capital in the amount of $9,251 and property of a value of $32,918.64 acquired by gift from petitioner, gave her a one-half interest in a valid partnership, created in 1937, and, consequently, each is taxable on 50 per cent of the income of the business. The other contention is that 9251/84,339.28ths of the capital of the alleged partnership having originated with the wife, that proportion of the income of the business is taxable to her. Issues relating to family partnership income are questions of fact to be decided from all of the evidence. State law of partnership does not control. The burden of petitioners was to produce evidence sufficient to show that the respondent was wrong. Commissioner v. Tower, 327 U.S. 280 (February 25, 1946), *115 in which the Court remarked: * * * But the Tax Court's authority to make a final authoritative finding on the question of fact is not lessened because Michigan might treat the partnership valid for purposes of state law. * * *
* * * The issue is who earned the income and that issue depends on whether this husband and wife really intended to carry on business as a partnership. Those issues cannot be decided simply by looking at a single step in a complicated transaction. To decide who worked for, otherwise created or controlled the income, all steps in the process of earning the profits must be taken into consideration. See Commissioner v. Court Holding Co., 324 U.S. 331, 334. The Court also remarked that a partnership, recognizable for income tax purposes, may result from an original investment of capital by the wife: * * * But when she does not share in the management and control of the business, contributes no vital additional service, and where the husband purports in some way to have given her a partnership interest, the Tax Court may properly take these circumstances into consideration in determining whether the partnership is real within the meaning *116 of the federal revenue laws. * * * The evidence on the creation of the alleged valid partnership consists of testimony of petitioner that he and his wife entered into verbal agreement, about January 1937, under the terms of which she acquired a one-half interest in the business and its "distribution." Thus, no proof was made that petitioner's wife performed any services for the business or had any voice in its control or management. The inference from the lack of proof on the points or any contention of petitioners that the wife agreed to perform or performed any activity in the business, is that petitioner carried on the affairs of the enterprise the same as he did before the alleged partnership was created. Neither does it appear, nor is any contention made, that any of the profits of the business were distributed to the wife or credited to her account on the books of the business. No evidence was offered to show that creditors and other interested parties were advised of the creation of the alleged partnership. The absence of such proof tends to create an inference that the arrangement was never made public or ever intended to be anything more than a plan to reduce tax liability *117 of petitioner and his wife. No agreement by the wife to share losses appears. The arrangement did not provide any new capital for the business. The petitioner simply treated the advances made to him by his wife as a charge against his gift of one-half of the net assets of the business. In our view, there is no proof sufficient to overcome presumption of correctness on the part of the Commissioner that the wife contributed no such capital as to support a conclusion of partnership. The petitioner assumed the wages owing to his wife by the corporation when he took over its assets and assumed its liabilities. The amount of the debt was not shown, the only proof being that it was a small amount. It does not appear whether the interest Andrew Zimmerman had in the net assets of the corporation after petitioner had acquired at least the principal corporate assets (the evidence is that petitioner took over "the assets") had any value at the time of his gift or at any time thereafter, or in fact that there was any interest left in Zimmerman. The testimony is only that, "What remained he [Zimmerman] turn over to his daughter." The value of the interest remaining in Zimmerman does not appear. *118 Yet, such interest appears to be included in the $9,251 figure. In the absence of proof as to value of the Zimmerman interest, it is obviously impossible soundly to ascribe a value to the alleged capital contribution by the wife, or even conclude that it was substantial; for other than the Zimmerman interest it may have been small, even negligible, and we can not dispense with proof of value of the Zimmerman interest. As to the proceeds of some furniture received by the wife from her father, worth $1,500 - $2,000, at some time not disclosed, but apparently at her marriage, the date of which is not in the record: a part of the furniture was saved when they moved into smaller quarters, and she and the petitioner sold about half of the furniture. Obviously, all this proves no calculable contribution by wife to husband. The same is true of cash which she had when she was married and received from her parents from time to time, or of advancements by her to petitioner from time to time from 1931 to 1937. There is no way of knowing the amount, or upon what conditions she turned such money over to her husband, whether as gift, or loan, or contribution to business, except that any idea of contribution *119 to his business prior to the alleged formation of partnership about January 1937, is contradicted by the fact that until that time he operated as a sole proprietor. Mere gift or loan would not be proper basis for any interest in the business. It is true that a gift tax return, filed by the petitioner about July 1938, recited receipt of cash and salary credit, from the wife, of $9,251 as a part of the partnership formation, but we may not soundly consider such late self-serving evidence as of value, in the light of the failure to support it. Considering the whole proof, we think no adequate proof of contribution by the wife of partnership capital has been made. The proof made by the petitioners is, under the tests set by Commissioner v. Tower, supra, in our opinion, not sufficient to establish that the alleged partnership was real and should be recognized for income tax purposes. The second contention of the petitioners is based upon the theory that 9251/84,339.28ths of the capital of the business originated with the wife. Claire L. Canfield, 7 T.C. 135 (No. 18, promulgated June 13, 1946), is cited by the petitioners as a case in which it was concluded *120 that the parties did not intend to form a bona fide partnership, but that the profits of the business should be allocated, for income tax purposes, on the basis of the contributions to capital and services. However, review by the Court of the Canfield case was, on July 1, 1946, directed by the Presiding Judge of this Court, pursuant to section 1118 (b) of the Internal Revenue Code, and that case is now pending before the Court, so may not be considered as authoritative here. Moreover, as above stated, we regard as insufficient the proof of $9,251 capital by the wife, and therefore regard this contention as insufficiently founded. However, if we were to assume that $9,251 of capital originated with the wife, without proof of the value of the net assets of the business, there is lack of a basis for making any reasonable allocation. The amount of $42,169.64 was taken from a balance sheet, and, therefore, is a book figure, having no proven relation to actual value. Petitioners made no effort to prove the value of the net assets. Any allocation we might make, under the circumstances, would be mere guesswork, having no relation to the facts. We have no authority to *121 substitute such a method for proof required of the petitioners. No attempt was made by the petitioners to prove error in the respondent's computation of the income of the business, and, accordingly, it will not be disturbed. It was not error for the respondent to tax the husband on all of the income of the business, as determined by him. Upon brief the respondent concedes that if the husband is held to be taxable on all of the income of the business, there will be no deficiency in the case of the wife. Accordingly, Decision will be entered for respondent in Docket No. 7795 and for the petitioners in Docket Nos. 7796 and 7797.