OPINION. Artjndell, Judge'. In determining the deficiency respondent disregarded petitioner’s sale of his Caddo stock and the existence of the Eosboro Investment Co. partnership. In this proceeding respondent adheres to his original position. As we see it, the basic issue is the bona fides, primarily, of the stock sale, and . perhaps secondarily of the investment partnership. Although respondent does not expressly so state on brief, his whole argument amounts to a contention that the transaction was a sham. This is apparent from the type of cases which he cites, among them Helvering v. Stuart, 317 U. S. 154; Helvering v. Clifford, 309 U. S. 331; Gregory v. Helvering, 293 U. S. 465; Higgins v. Smith, 308 U. S. 473; and Commissioner v. Court Holding Co., 324 U. S. 331, in connection with his contentions that petitioner’s economic situation was not substantially changed and that petitioner retained such control and economic benefit as to justify taxing the income to him. In support of his position respondent points out several aims which he attributes to petitioner in making the sale of Caddo stock and entering into the investment partnership. First, he contends that petitioner sought to avoid the impact of increased income taxes in 1941 and subsequent years; next, that petitioner sought to obtain an increase in tax basis on Caddo stock from $42.88 to $100 a share; third, that he sought to distribute his taxable income among members of his family; and, fourth, that he sought a continuing reservoir of assets available to him as a source of credit. With respect to the “tax motive” argument, we have no doubt that so far as petitioner was concerned he was prompted, at least to some extent, by a desire to relieve himself of a difficult tax burden and to extricate himself from his stringent financial situation. But, a motive to minimize taxes will not vitiate a transaction where the reduction of taxes is but a normal consequence of the transaction, otherwise real, complete, and bona fide in every respect. For example, a change in basis for gain or loss is only a normal consequence of the sale of stock at a profit, the vendor concomitantly paying a tax on the profit. So here, the mere fact that petitioner, by selling his stock, pays less tax than he would have been required to pay had he held it until the final wind-up of Caddo — a fact much stressed by the respondent — is not a controlling circumstance. It clearly appears that the purchasers of the stock had other motives, namely, the expectation of making profits; and some of them, whose future financial welfare was dependent upon the success of Rosboro Lumber Co., were also interested in providing a source of funds to help finance that company. All of the purchasers were financially responsible individuals and understood that they were personally obligated to pay their notes, both to petitioner and to the bank, in all events. Respondent also reminds us of the rule that courts must look to the substance of transactions, rather than the form. In reaching our conclusion, we have had regard to the substance of the transactions here, which appears to us to be this: Before the sale of stock and the formation of the Rosboro Investment Co. petitioner owned 1,755 shares of Caddo stock and about 7,300 shares of Rosboro stock and was indebted to banks in excess of $150,000. After the termination and dissolution of the Rosboro Investment Co. he owned only about 365 shares of Caddo stock and approximately 6,950 shares of Rosboro stock, and the greater part of his indebtedness had been liquidated. The ownership of the remaining Caddo stock and Kosboro stock with which he had parted was in others, who have since had the benefit of all the income and proceeds therefrom. It was a profitable business enterprise for all the members. We see nothing in this substance to justify disregarding the transactions and taxing all the income on the Caddo stock to petitioner. While, as it turned out, the Caddo stock sold to the eight purchasers paid for itself through the return thereon, the purchasers have paid the income tax on the stock earnings from the time of purchase, and they have had the benefit of ownership of the stock. With respect to his contention that petitioner retained control over the Caddo and Kosboro stock in the hands of the purchasers and the partnership, respondent points to the fact that these shares were pledged to secure petitioner’s indebtedness and to enable him to obtain further loans from banks in 1941 and 1942. As we see it, petitioner’s so-called “control” was no more than, and his position was no different from, that of any secured creditor who has evidences of indebtedness owing to him and collateral securing the indebtedness. That is to say, the notes and( collateral represent assets in his hands which he may use in obtaining further credit for himself. There is no showing that through the partnership petitioner had such control and economic benefit as to make applicable the principles urged by respondent to support taxing the income to petitioner. There is not the slightest suggestion in the record that the other partners, whose interests in many respects were somewhat adverse to petitioner’s, were in any way subservient to his will. From all the evidence we conclude, and have found as a fact, that the sale of Caddo stock by petitioner to the eight purchasers was a bona fide transaction, and that the Kosboro Investment Co. was likewise a bona fide business association among the several members. Our conclusion is in accord with the decision of the Fifth Circuit Court of Appeals in Allen v. Beasley, 157 Fed. (2d) 970, a case involving facts in many respects similar to those here. In that case the Government made substantially the same arguments which the respondent is making here, namely, “that since the taxpayer thus got the benefit of the income from the securities in the payment of his indebtedness, he should be charged with the income tax so derived and applied,” and that courts should “look at the actualities, the substance, the realities, and not the form of the transaction, in determining such tax liabilities.” In some respects we think the facts in that case were even less favorable to the position of the taxpayer than are the facts in the instant case. Yet the court there found that the transactions were real and bona fide and held that the income from purchased securities was taxable to all the purchasers who owned an interest in them. Finally, the respondent contends that at least as between petitioner and his wife the partnership should be disregarded, relying on the principles of Commissioner v. Tower, 327 U. S. 280, and Lusthaus v. Commissioner, 327 U. S. 293. We think those cases are inapplicable here. The Eosboro Investment Co. is not the usual family partnership. It might be more properly labeled a “joint venture” or an investment “pool”; but, as those terms are embraced within the statutory definition of a “partnership,” section 3797 (a) (2), Internal Revenue Code, that is a matter of little consequence here. The important point is that personal services did not contribute in any way to the production of the organization’s income. All of its income was attributable entirely to the capital invested. In these circumstances, where Mrs. Eosborough owned an interest in the capital investment which produced the income, we see no more reason for disregarding the partnership (or whatever the business venture may properly be called) as to her than as to any of the other members. The capital which she contribbted belonged to her. There is no evidence whatever that the gift of 400 shares of Eosboro stock made to her by petitioner in March of 1941 was accompanied by any condition, implied or otherwise, that the stock should be contributed to the Eosboro Investment Co. There is no evidence that the plan for organizing that company had even been conceived at the date of the gift. It was an outright gift with no strings attached, and petitioner reported it in his gift tax return. For the reasons stated, we hold that petitioner is not taxable on the distributive share of partnership income belonging to Mrs. Eosborough. Decision will be entered under Buie 50.