ARMORED TANK CORPORATION (N. Y.), PETITIONER, ET AL.,* *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 9768, 9769, 9770, 9771, 9772, 11916, 11919, 11920, 11927.
Promulgated October 20, 1948.

*Edward L. Steckler, Esq., William Massar, Esq.,* and *Richard L. Davisson, Esq.,* for the petitioners.
*Henry C. Clark, Esq.,* for the respondent.

*Proceedings of the following petitioners are consolidated herewith: Philip H. Steckler, Transferee; Siegfried Bechhold, Transferee; Hamilton Allen, Transferee; Max Bechhold, Transferee; Hamilton Allen, Transferee; Philip H. Steckler, Transferee; Siegfried Bechhold, Transferee; and Max Bechhold, Transferee.

## OPINION.

HARRON, *Judge*: The respondent has determined that a settlement agreement was made on or about October 15, 1941, by the Illinois Armored Tank Co. with Pressed Steel to settle and liquidate the disputed contract of July 23, 1940, so that the payments by Pressed Steel Co. resulted in income to Illinois Armored Tank Co. upon which it was liable for income and other taxes and penalties. Under this theory, the respondent has determined that the individual petitioners in Docket Nos. 11916, 11919, 11920, and 11927, the former stockholders of Illinois Armored Tank Co., are liable as transferees for the taxes and penalties due from the corporation.

The petitioners contend that Pressed Steel purchased their stock in Illinois Armored Tank Co. in October 1941, so that payments aggregating $375,000 by Pressed Steel were payments made in purchase of stock. Petitioners assert that the payments can not be construed to be a payment in liquidation and settlement of the contract, and that, therefore, respondent erred in determining that Illinois Armored Tank Co. received payments aggregating $375,000, upon which it became liable for certain taxes. Under the theory of the petitioners, the individual stockholders were not transferees and have no liability as transferees.

The question in this proceeding is whether or not, on the facts presented, there were sales of stock in Illinois Armored Tank Co. by its stockholders, and purchases of the stock by Pressed Steel, as petitioners contend; or whether there was collection by Illinois Armored Tank Co. of a claim against Pressed Steel.

The evidence shows clearly that, although negotiations looking toward the settlement of the disputed royalty contract of July 23, 1940, were commenced by representatives of Armored Tank Corporation (the former name of Illinois Armored Tank Co.), these negotiations failed to result in any agreement with Pressed Steel Car Co. because of the amount of money which Armored Tank Corporation demanded as adequate payment in settlement of the contract. The negotiations between the representatives of Armored Tank Corporation and the representatives of Pressed Steel Car Co. thus ended without any agreement between these corporations, which distinguishes this proceeding from *Court Holding Co.* v. *Commissioner*, 324 U. S. 331, relied upon by respondent. The evidence shows clearly that the negotiations which then ensued were solely between Pressed Steel Car Co. and the individual stockholders of Armored Tank, or their representatives. In these subsequent negotiations, the bargaining was limited almost exclusively to the price per share which Pressed Steel would pay to the stockholders for the stock of Armored Tank. The agreement which was ultimately concluded was one for the purchase of the stock of Armored Tank by Pressed Steel from the stockholders at a price of $37.50 per share. The evidence clearly shows that Armored Tank Corporation (Illinois Armored Tank Co.), was not a party to that agreement.

Accordingly, no sound basis exists for taxing to Illinois Armored Tank Co. the aggregate amounts of the separate payments made by Pressed Steel to the stockholders for the transfer of their shares of stock in that corporation. See *Acampo Winery & Distilleries, Inc.*, 7 T. C. 629, 636.

Reviewed by the Court.

*Decisions will be entered for the petitioners.*