**Louis A. KLITZNER and Isabel S. Klitzner, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Harry F. LESHNOWER and Ruth S. Leshnower, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Nos. 16436, 16437.**

United States Court of Appeals Sixth Circuit.

April 1, 1966.

W. Stuart McCloy, Memphis, Tenn., for petitioners, P. K. Seidman, Memphis, Tenn., on the brief, McCloy, Wellford & Clark, Memphis, Tenn., of counsel.

Lawrence B. Silver, Atty., Dept. of Justice, Washington, D. C., for respondent, John B. Jones, Jr., Acting Asst. Atty. Gen., Meyer Rothwacks, David O. Walter, Howard H. Feldman, Attys., Dept. of Justice, Washington, D. C., on the brief.

Before PHILLIPS, EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

Petitioners in these two cases appeal from adverse decisions by the Tax Court finding deficiencies in income tax for certain taxable years. The gross factual situation involved in this appeal does not present any dispute; but petitioners claim that certain income realized by them as a result of covenants not to compete should be taxed as capital gains. The covenants not to compete were executed by Louis A. Klitzner and Harry F. Leshnower as a part of the transaction in which they sold their linen supply business in Memphis to the National Linen Service Corporation.

The Commissioner contends (and the Tax Court so held) that the funds derived from the covenants not to compete should be taxed as ordinary income.

The undisputed facts in this case clearly showed that the purchase of this linen supply business was the result of hard

and extensive bargaining wherein petitioners were capably and effectively represented by persons fully familiar with the tax consequences of the negotiations. Early in the negotiations National Linen Supply Company made it clear that it would insist upon the execution of covenants not to compete by the two principals involved here. This record leaves no doubt that the covenants not to compete had real economic value for the purchaser.

Ultimately the price for these covenants was set at $375,000, payable to Klitzner and Leshnower in accordance with their respective interests over a period of ten years. The consideration for the covenants not to compete was recited in a separate contract by which those covenants were made binding. The Tax Court found these facts and many others relevant to support of its ultimate decision in a lengthy set of findings of fact which we have reviewed carefully and which we cannot declare to be clearly erroneous. Commissioner v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960).

In a recent decision of this court the factual situation was closely parallel to the facts with which we deal here. In determining that compensation for several covenants not to compete should be held ordinary income for tax purposes, this court said:

"This record demonstrates that there was arm's length bargaining; that the Montesis were capably represented and were under no economic or other pressure to accept contractual terms which placed them at an unfair position from a tax point of view; that the contracts not to compete were of significant value to National Tea, and that the parties set a separate valuation on them. This record taken as a whole does not convince us (as it did not convince the Tax Court) that the $250,000 value which the parties themselves set on these contracts was unrealistic." Montesi v. Commissioner, 340 F.2d 97, 99 (C.A.6, 1965).

With only the names and amounts changed, this same statement is applicable to the present case.

We agree with the memorandum opinion of the Tax Court and affirm the decisions entered by it in the two cases now before us on appeal.

■ The controlling law of this case is, of course, federal law. Commissioner v. Court Holding Co., 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981 (1945).

We find no error in the rulings of the Tax Court admitting or excluding evidence which deprived appellant of "substantial rights." Rule 61 Fed.R. Civ.P.

Affirmed.