“The Government seeks judgment on the pleadings in this taxpayer’s suit for a refund of income taxes that would not have been collected had petitioner been permitted to re-elect its former status under Subchapter S of the Internal Revenue Code. For the reasons set forth below, we grant the motion.
“For taxable years prior to 1970, petitioner elected to be taxed as a small business corporation under §§ 1371-79 of the Internal Revenue Code. In that year, however, petitioner automatically lost its Subchapter S status when it merged with Aiken Corporation by means of a tax-free exchange of stock governed by IRC § 368(a) (2) (B). After the petitioner had operated for two years as a subsidiary of Aiken’s its former owners and the parent corporations decided to undo the merger, and accomplished a tax-free divestiture of petitioner under IRC § 355. We notice that petitioner, though using the word ‘recision,’ does not allege that the merger was rescinded in 1972 nunc fro tunc, but only that the corporate partners were then divorced. In any event, since 1972 petitioner has operated as an independent corporation, owned in the same proportions by those who had owned the corporation prior to the merger. In 1972, petitioner sought to recover its Subchapter S status.
*528 “Section 1872(f) of the Code provides that after a small business corporation’s status has been terminated, the consent of the Commissioner of Internal Revenue is required before that corporation may resume such status within five years of the termination. In order to implement its discretion in giving consent, the Internal Revenue Service has promulgated Regulation § 1.1372-5, which provides taxpayers and revenue agents with the following guidance:
First, the taxpayer will bear the burden of establishing that the Commissioner should consent.
Second, the fact that more than half of the taxpayer’s stock is held by those who had held no stock prior to termination of Subchapter S status will tend to establish that consent should be granted.
Third, in other circumstances consent will generally be denied unless the cause of the termination was not under the control of the electing shareholders.
“Petitioner twice sought reinstatement of its Subchapter S status, but on each occasion, after reciting the facts of this case, the IRS denied petitioner’s request on the grounds that the facts outlined in the regulation did not appear in the case. Petitioner now contends that the Service’s decisions were arbitrary and capricious, apparently because petitioner believes that the Service gave inadequate consideration to the fact that the cause of the termination in 1970, the merger, was reversed in 1972. Petitioner argues, in short, that since the business arrangement that cost it its favorable tax status was undone, the Commissioner is bound to permit petitioner to revert to the status quo ante.
“Whatever may be its general appeal, petitioner’s situation does not compel the conclusion that the Commissioner abused his discretion in denying petitioner reinstatement of Sub-chapter S status. ‘To make this finding [that an agency’s decision is arbitrary, capricious, or an abuse of discretion] the court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.’ Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971). Here, however, there is no doubt that the Commissioner was aware of all the facts that petitioner alleges were relevant; the facts, as peti *529 tioner alleged them, appear in the Service’s letters of denial. The Service based its decisions on petitioner’s statements, including for example, the conclusory allegation that the 1972 agreement to corporate separation had the effect of reversing and rescinding the 1970 reorganization. Still, the Commissioner decided not to consent to re-election. That the Commissioner eventually found that the divestiture of petitioner was not itself sufficient, in the absence of the circumstances outlined in Keg. § 1.1372-5, to justify a decision favorable to petitioner does not imply arbitrary or capricious conduct. Petitioner would have us weigh for ourselves the facts and circumstances before the Commissioner and determine what his decision should have been. But bur limited scope of judicial review of an administration decision is not that broad.
“Petitioner next points out that if it and Aiken had chosen a different route of reorganization in 1970, there would have been more favorable tax consequences now, and that our decision should follow the substance of the transaction and not its form. Petitioner is correct insofar as if it had joined with Aiken either by a statutory merger, IRC § 368(a) (1) (A), or by a transfer of assets, IRC § 368 (a) (2) (C), it would not have lost its Subchapter S status. And, indeed, it is a principle of tax law that tax consequences should flow from the economic reality of a transaction, and not be misdirected by form that reflects little of the substance. See, e.g., Grinnell Corp. v. United States, 182 Ct. Cl. 702, 725, 390 F. 2d 932, 944 (1968); citing Commissioner v. Court Holding Co., 324 U.S. 331 (1945).
“Yet, where a taxpayer chooses one alternative over another for one purpose, our court has held that he cannot disavow that device for another purpose. W. W. Fertilizer Corp. v. United States, 208 Ct. Cl. 443, 527 F. 2d 621, 625-26 (1975), cert. denied, 425 U.S. 974 (1976). In support of that holding, the court quoted the Supreme Court’s statement in Commissioner v. National Alfalfa Dehydrating & Milling Co., 417 U.S. 134 at 149 (1973):
* * * While a taxpayer is free to organize his own affairs as he chooses, nevertheless, now having done so, he must accept the tax consequences of his choice, whether con *530 templated or not, * * * [citations omitted] and may not enjoy the benefit of some other route he might have chosen to follow but did not.
For reasons of its own, which it is reasonable to assume were dictated by business exigencies at the time of the consolidation, petitioner chose an exchange of stock, IRC § 368(a) (2) (B), and acquiesced in foregoing its Subchapter S status. We hold that petitioner is bound, under these authorities, to the consequences of that choice.
“Finally, petitioner urges us to conclude from the legislative history behind the enactment of § 1372(f), S. Rep. No. 1983, 85th Cong., 2d Sess. 89, that the Commissioner disregarded Congressional intent in denying petitioner’s request. Section 1372(f) aims to prevent taxpayers from electing ‘in and out’ of favorable tax status by imposing a 5-year waiting period during which a corporation that had relinquished its Subchapter S status may not reassume it without the Commissioner’s consent. The statute contemplates, though, that the Commissioner might recognize in certain circumstances the feared result would not occur, and that the waiting period might be shortened or waived altogether. Thus, Congress conferred discretion upon the Commissioner to review the facts of particular cases. From the record, we cannot deny that the Commissioner was aware of the peculiarities of this petitioner’s situation. On the other hand, however, the Commissioner had before him substantial evidence justifying the conclusion that the taxpayer relinquished favorable tax status when that was convenient, and now wishes to recapture it, in circumstances not visualized by the Congress, so far as is known, as justifying an exception to the five year waiting period. Where the Commissioner’s decision is supported by substantial evidence, we are required to affirm it. This is not to say that a decision in favor of the taxpayer would have been an abuse of discretion either.
“Lastly, petitioner attempts to forestall summary judgment disposition of this case by offering to raise de novo issues of fact ‘relating to the competency and authority of the persons who denied plaintiff’s request for consent in the name of the Commissioner.’ This contention appears for the *531 first time in petitioner’s papers filed in this court. Accordingly, petitioner is barred from raising this contention because it failed to include it in any claim for refund filed with the IRS. Cataphote Corp. of Mississippi v. United States, 210 Ct. Cl. 125, 149, 535 F. 2d 1225, 1239 (1976).
“Therefore, upon consideration of the pleadings, defendant’s motion for judgment on the pleadings and petitioner’s opposition thereto, and the briefs and representations of the parties but without oral argument, it is ordered that the motion for judgment on the pleadings be granted. The petition is dismissed.”
Plaintiff’s motion for rehearing and reconsideration en borne was denied January 7,1977.