HELENA S. RASKOB, Trustee for but calling herself Guardian of John J. Raskob, Jr., Helena M. Raskob, Elizabeth A. Raskob, Robert P. Raskob, Inez Yvonne Raskob, Margaret L. Raskob, Josephine J. Raskob, Nina Barbara Raskob, Patsy Virginia Raskob, Mary Louise Raskob, and Benjamin Green Raskob, *v.* STATE TAX DEPARTMENT.

(*September* 30, 1935.)

LAYTON, C. J., RICHARDS and REINHARDT, J. J., sitting.

*Robert H. Richards* and *Charles F. Richards* (of Richards, Layton and Finger) for appellants.

*William H. Foulk* for appellee.

Superior Court for New Castle County, No. 230, May Term, 1934.

LAYTON, C. J., delivering the opinion of the Court:

The notice of appeal from the determination of the Tax Board sets forth eleven causes of appeal, but these are reducible to two, and one of them is technical in character.

The appellant contends that, under the stipulation, the Tax Board was required to make a definite finding of fact, that is, whether the transaction in question was a short sale; that this finding was not made; hence, the Tax Board had no power to decide the case before it without deciding the question of fact.

We think this contention is without merit. It is true that nowhere in the opinion of the Tax Board is there language expressive of a definite and precise finding that the transaction was not a short sale transaction. The opinion expressed a doubt whether the transaction was a short sale in any real sense of the term. It said, that although a broker might term the transaction a short sale in form, it was not such a sale that postponed the taking of profit, and that, whatever name might be given the transaction, the fact remained that a taxable gain was realized during the year 1928.

Notwithstanding the failure of the Tax Board to say precisely that the transaction was not a short sale, we think the Board did find, and substantially did express the finding, that the transaction was not a short sale.

The transaction was either a usual or normal sale concluded on October 16, 1928, or a short sale not consummated until December, 1929. If it was the former, a taxable gain was realized on the date of the sale, and the assess-

ment laid by the Commissioner was correct. The Tax Board sustained the assessment made by the Tax Commissioner, and dismissed the appeal. The result of the Board's decision, no matter to what extent, by its language, the amenities were preserved, was that the transaction was not a short sale, but one in the usual course which resulted in a taxable gain during the year 1928. Interpreting the opinion reasonably there was, substantially, a finding of fact in accordance with the stipulation.

The real contention of the taxable is that the evidence before the Tax Board and contained in the record before the Court, supports *only* the taxable's contention that the transaction was a short sale not closed during the year 1928, and that this evidence cannot justify a finding that the transaction was not a short sale transaction.

There are in the record statements of certain persons made on behalf of the taxable, contained in a letter, a paper writing, and in affidavits; but, although it was stipulated that these persons, if called as witnesses, would testify in accordance with the statements made by them, the correctness of the statements was not admitted, and they are to be accepted or rejected, in whole or in part, or otherwise given that degree of credit to which they appear to be entitled in the light of the whole record and the reasonable inferences to be drawn therefrom. And, in this connection, it is not amiss to say that it would have been better if the witnesses had been compelled to appear before the Board, there to have been subjected to cross-examination. The result of cross-examination might have been helpful to the Tax Board and to this Court. The course pursued is very well where the facts, or the inferences therefrom, are not disputed, but here it was unwise.

So far as the statements contained in the letter of

Mrs. Raskob are concerned, they have little evidential value. She did not give the order to the brokers, and could know nothing of it first hand. She does not go so far as to say that it was her intention to sell the shares short and had instructed her agent accordingly. The entire matter seems to have been in the hands of her husband who gave the order and with whom the correspondence was conducted. Even the accounts were in his name. The letter properly may be characterized as argumentative rather than probative.

The statement of John J. Raskob is remarkable, both for what it contains, and for what it does not contain. It is descriptive of a short sale transaction in which there never was any misunderstanding on the brokers' part or error by them. It recites the procedural steps of the transaction consecutively, the sale of the shares on October 17, although the sale actually was on October 16, the borrowing by the brokers of a like number of shares to make delivery, and the deposit of Mrs. Raskob's shares on October 19, in a long account, thereby enabling the brokers to return the shares borrowed against the short account. Yet, it is not denied that the brokers knew nothing of a short sale of the shares, or that they had erred with respect to the transaction, until about the middle of November; and on October 19, 1928, no such long or short accounts existed on the brokers' books.

Although he conducted this transaction for his wife as trustee for their children, and an enormous sum of money was involved, he did not elect to appear before the Board to explain in detail the purpose in mind, and his acts in carrying forward the transaction. In his written statement he carefully refrains from saying that he ordered the brokers to sell the shares short. He does not give the name of the officer or employee of the firm to whom the order was given, or whether in person, or by telephone. He gives no explana-

tion of his failure to act upon the brokers' letter of October 16, which made no mention of the short sale, or of the letter of the 19th with respect to the deposit of the proceeds of sale, although they would seem plainly to indicate that a usual sale of stock had been made and not a short sale. He does not say that he did not receive the letters, or that his attention was not called to them and, although the whole appeal is based upon the brokers' error, there is nothing in this statement even to suggest error or mistake. He does not explain whether he, or who, discovered the error. And finally, although it seems, from the testimony, that Mr. Gary, his secretary, discovered the error and asked for a correction of the account, the secretary was not produced as a witness either in person or by written statement.

In the light of all the facts it is difficult to view Mr. Raskob's written statement as having evidential worth.

The statements contained in the affidavit of Harold May are startling when compared with his statements before the Tax Board and with certain admitted facts. In his affidavit he deposes flatly that on October 17, 1928, John J. Raskob, acting for Helena S. Raskob, gave an order to his firm to sell short 14,445 shares of General Motors Common stock; that the firm executed the order and opened an account which appeared on the books as the John J. Raskob, Helena S. Raskob, special short account; that the order was executed according to the usual custom of a short sale transaction, and the firm borrowed from another broker or brokers the number of shares to make delivery.

Mr. May did not take the order, and it is not known who, in fact, did take it. From his own testimony it appears that his position in the firm was taking care of stock that came in, and he did not know what was sold. The shares were not borrowed from another broker but from custom-

ers' stock, and if this mistake in his affidavit is, in some sense, immaterial, yet it serves to mark the unreliability of his statements. Furthermore, the short account was not opened until about November 15, 1928, when the alleged error was called to the firm's attention. It is sufficiently clear that Mr. May knew nothing of the circumstances of the transaction, and his statement that the order was executed according to the usual custom of a short sale transaction was not based upon personal knowledge. As in the Raskob statement, the affidavit of May was a portrayal of a short sale of stock as to which there was no misunderstanding.

The testimony of Mr. Johnson was not helpful to the taxable. From him it was learned that the person who actually took the order from Mr. Raskob was either a Mr. Moore or the witness' father, both of whom were dead; that, if by telephone, there was no record of telephone orders; that statements or slips confirming orders to sell or buy were sent out on the same day; that the short account was not set up until November 15, 1928, when error was claimed; that although the sale took place on October 16, 1928, the short account was set up as of October 31, the end of the month, for the sake of convenience; that the reason for setting up a long and short account was because the original record could not be changed; and finally that the only evidence which the brokers had distinguishing the sale from an ordinary sale was the book entries.

It is argued by the appellant that the Tax Board was impelled to its decision by the belief that a short seller could not, at the same time, be the lender to the broker of the stock to support the short sale. It is not necessary to discuss the intricacies of a short sale. It is sufficient to say that we see no reason why an owner of stock may not sell short and permit the broker to borrow his, the seller's,

stock to support the sale. In such case the contractual relation between the broker and the lender of the stock, the seller himself, is the same as between the broker and any third person who would loan the stock. Certain expressions in the opinion of the Tax Board would indicate its belief that a short seller could not loan its own stock to support the sale, for the opinion says:

"Certainly a short sale in the ordinary sense of the term contemplates that the short seller shall borrow from a third party the stock which he is selling."

However, we do not view the decision of the Tax Board as having been based alone upon this conception of a short sale. The expression in the opinion seems to us to be in answer to the contention strongly urged that the sale in question was an ordinary or typical short sale, but the Board continues to say that whatever name be given by a broker to the transaction disclosed by the evidence, its result was an actual gain to the taxable.

The receipt of and retention of the proceeds of the sale by the taxable, it is contended, is legitimate and reasonable. No question is raised as to the legitimacy of a short sale, nor to the reception and retention of the proceeds of a short sale in the abstract. The reasonableness of the retention of the money in the instant case is questionable. It is quite true that an owner of stock might want to sell it short thereby to raise more money than he could do by pledging it as collateral for a loan, and if his credit was sufficient with his broker, no doubt an arrangement could be made whereby he could "take down," or receive the proceeds of the sale. Again the owner of stock might want to sell it short, not absolutely, because of his position in the corporation. But ordinarily, as we view it, when one sells stock short, while his account with the broker is credited with the proceeds, he does not draw against the account; and, as

here, when an enormous amount of money, upwards of three millions of dollars, is involved, certainly some arrangement or understanding with a responsible officer or member of the brokerage firm would have to be accomplished before the brokers would permit the proceeds of the short sale to be remitted to the seller, and some one in authority in the firm would be available to testify to the arrangement or understanding. In the instant case there is nothing to suggest the reason or purpose for the receipt and retention of the proceeds of sale, nor is there the slightest evidence offered of any understanding reached that the proceeds of the alleged short sale should be transferred to the seller. The absence of this evidence is one of the circumstances that shrouds the transaction, as claimed by the appellant, in a mist of unreality.

The letter of October 16, 1928, from the brokers to Mr. Raskob is, in our opinion, understandable only as one confirming an ordinary or usual sale of stock, notwithstanding the testimony of Mr. May that the letter was written as a matter of courtesy and in acknowledgement of an additional order to sell Radio stock, and that no inference of an outright sale of General Motors stock could be drawn therefrom.

The fact that the certificates evidencing the shares owned by Mrs. Raskob were held in the brokers' possession until December, 1929, is not necessarily conclusive of a short sale, although it is a circumstance to be considered.

Here, we have the sale of 14,445 shares of stock on October 16, 1928; the delivery on the next day of 17,873 shares in which were included the 14,445 shares of the taxable; the entry of the shares into the account of John J. Raskob, followed by the immediate transfer of the exact number of shares into the Helena S. Raskob Special Account

on the same date; the confirmatory letter of October 16 in which no mention is made of a short sale; the remittance of the proceeds of sale on the 19th; the setting up of a short account on the books of the brokers a month later; and, in support of the taxable's contention, testimony which is argumentative, misleading and disingenuous.

The question before the Tax Board was one of fact, affirmatively stated to be so by the stipulation itself. The evidence before the Board was amply sufficient to support the conclusion reached by it, that the transaction was an ordinary, or usual, sale of stock resulting in a taxable gain for the year 1928. This court will not disturb a finding of fact by the Tax Board if there was evidence before it reasonably sufficient to support its finding.

The decision of the Tax Board is sustained.