STATE TAX COMMISSIONER, Appellant, v. WILLIAM K. CARPENTER, Appellee.

(*April* 1, 1963.)

TERRY, Justice, sitting.

*Thomas Herlihy, III,* Deputy Attorney-General, for the Appellant.

*Converse Murdoch* (of Berl, Potter and Anderson) and *Gordon W. Gerber* (of Philadelphia) for the Appellee.

Superior Court for New Castle County, No. 1158, Civil Action, 1961.

TERRY, Justice.

This case comes to this Court on appeal from the State Tax Board. The sole issue to be determined is whether interest paid on certain loans secured by an annuity policy is deductible for tax purposes under the Delaware State Income Tax statute.

There is no genuine dispute as to the material facts.

On January 19, 1954, William K. Carpenter, a cash basis taxpayer, purchased a single premium annuity policy from the Old Republic Credit Life Insurance Company. The amount of the premium was $500,000. At the time of the purchase Carpenter was thirty-four years of age.

The chief obligation of Old Republic was to commence to pay to Carpenter monthly amounts of $10,371.32 when he attained the age of 69 years (January 19, 1989). There were also additional income options. In the event Carpenter died prior to the commencement of any income settlement, or prior to payment to him of the cash value of the policy, the single premium paid or the cash value at the time of his death, whichever was greater, less any indebtedness or advances, was to be paid to his wife.

Carpenter paid his single premium in the following manner. He paid $8,000 cash from his personal funds. On January 25, 1954, he borrowed $492,000 from the Philadelphia National Bank on a demand note secured by the annuity policy. The bank paid this amount directly to Old Republic, thus liquidating the balance due on the premium.

On the same day Carpenter borrowed $492,000 from Old Republic through the use of an annuity loan agreement. Old Republic paid the amount so borrowed to the Philadelphia National Bank, thus liquidating Carpenter's indebtedness to the bank. The annuity loan agreement between Carpenter and Old Republic contained a provision whereby no personal liability attached to Carpenter, and Old Republic's sole recourse was against the annuity policy which was pledged to it as security.

On the same day, January 25, 1954, Carpenter paid Old Republic $19,680, which represented interest at 4% for one year on the $492,000 loan. On November 17, 1954, Carpenter paid Old Republic $170,154.33 as prepaid interest. This amount was a payment of an additional seven years interest on the $492,000 loan, plus interest to the end of the eighth year of the policy on an additional $113,000 loan which was consummated four days later. The additional loan, plus the original loan, represented an amount equal to the full cash surrender value of the annuity policy at the end of the eighth year. The second sum was borrowed on November 24, 1954. On the basis of these figures Carpenter claimed an interest deduction in the amount of $189,834.33 on his 1954 State Income Tax Return.

Carpenter at the time of the purchase of the annuity was a family man of substantial means without any insurance program whatsoever. By reason of certain hazardous activities, Carpenter was uninsurable under normal life insurance. He had at the time the annuity was purchased, and still has, large expectancies from certain trusts which will vest on the death of his mother. His mother was seventy years of age at the time the annuity was purchased.

Carpenter readily admits that he considered when purchasing the annuity the deductibility of interest on

4

the indebtedness for Federal Income Tax purposes. The insurance broker who arranged the purchase exhibited to Carpenter certain rulings of the Federal Internal Revenue Service to assure Carpenter that interest on annuity loan agreements was deductible. The deductibility of such interest in relation to the Delaware Income Tax statute was never discussed.

The Commissioner and Carpenter both acknowledge that there is a dearth of precedent under the Delaware Law. The Commissioner argues that the annuity policy and the indebtedness created lacked economic substance and therefore should not be recognized for Delaware State Income Tax purposes. Citing *Knetsch v. United States,* 364 U.S. 361, 81 S.Ct. 132, 5 L.Ed.2d 128 (1960), a case decided under the Federal Income Tax Law.

The Delaware Tax Board held otherwise giving heavy thought to the fact that Carpenter has substantial expectancies which will vest on the date of his mother's death. To emphasize this point, the Tax Board stated:

"* * * we do not pass on the case where a taxpayer has no expectancy and no reasonable hope of liquidating the loan made * * *."

From the decision of the Tax Board the Commissioner has appealed.

The Federal Income Tax Law presently denies an interest deduction for "any amount paid or accrued on indebtedness incurred or continued to purchase or carry a single premium life insurance, endowment, or annuity contract." Sec. 264(a)(2), 1954 Code, Annuity Contracts, were a late addition to this denial section and interest is disallowed as to them "only as to contracts purchased after March 1, 1954." The Knetsch case, supra, dealt with an nanuity contract purchased prior to March 1, 1954, but

the United States Supreme Court nevertheless disallowed the interest deduction when it found that the "indebtedness" created was a "sham."

The Delaware statute, 30 *Del. C.* § 1118(2), does not contain the same exceptions as the Federal statute. It permits a deduction for "interest paid or accrued by the taxable within the income year on his indebtedness, except interest on indebtedness incurred or continued to purchase or carry securities, the interest on which is exempt from tax under this chapter."

The fact that the Delaware statute does not specifically except deductions of interest paid on indebtedness incurred to purchase or carry single premium annuities is not conclusive of the dispute in this case. The tax law, both Federal and State, is complex. General rules are difficult to enact by statute. It is because of this complexity that numerous court decisions, many of which have been cited by the Commissioner in his brief, have held that it is a function of judicial interpretation to examine the substance of a given factual situation and to compare such substance with the intent of the statutory language. Perhaps the two best known cases in this regard are *Gregory v. Helvening,* 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596 (1935) and *Commissioner v. Court Holding Co.,* 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981 (1945). On the basis of these cases, I find that the appeal before me presents a question for judicial interpretation.

Carpenter has suggested that the Delaware statute is materially different for purposes of construction than even the pre-1954 Federal statute. He notes that even prior to 1954 the Federal statute excepted interest "on indebtedness incurred or continued to purchase a single premium life insurance or endowment contract." As a result, Carpenter would have me disregard the Knetsch case, supra.

'The Commissioner has countered with the argument that the Knetsch opinion was not based on a statutory interpretation of the then existing exceptions. Thus, the Commissioner concludes that the Knetsch case is a valid precedent for an interpretation of the Delaware statute. A reading of the Knetsch opinion supports the position of the Commissioner.

But, while I recognize the Knetsch case as a precedent, I feel that the case at bar is materially different in fact. Although the figures involved in Carpenter's purchase of the annuity contract lend strong support to the Commisisoner's argument that the whole transaction was a "sham," other circumstances counter the base figures. Three elements stand out.

First, the taxpayer, as a family man of substantial means without any life insurance, had great need for an estate planning program at the time he purchased the annuity contract. Secondly, the annuity purchased had the potential of at least partially filling the estate planning vacuum in that it could: (a) provide the taxpayer with substantial income in normal retirement years; (b) provide needed cash in the event of the taxpayer's early death; and (c) provide the taxpayer with the freedom to divide some of his estate among his family prior to his death, thus reducing the tax burden on the estate. Thirdly, in regard to the loan, the taxpayer borrowed the money to make an early purchase of the annuity at a lower premium, and he had a reasonable source of funds from which the indebtedness could be paid and the full potential of the annuity realized. None of these elements were shown in the Knetsch case, and thus it is distinguishable.

The Commissioner in his appeal has placed great emphasis on an alleged "Federal Income Tax avoidance motive." It is true that the taxpayer made inquiry as to

whether interest paid on the annuity loan indebtedness was deductible on his Federal return. But the evidence does not support the contention that the interest deduction was the sole motive for the transaction. Furthermore, the taxpayer would have been foolish had he not considered all the consequences, including the tax consequences. The tax law, although viewing the substance of economic transactions, does not demand that taxpayers be blind to tax consequences.

It must be remembered that this court will not disturb a finding of fact by the Tax Board if there was evidence before the Tax Board reasonably sufficient to support its finding. *Raskob v. State Tax Department,* 7 W.W.Harr. 128, 180 A. 785 (Del.Super.1935). In this case the evidence is reasonably sufficient to support the finding that the purchase of the annuity was bona fide and not a "sham." Accordingly, that finding will not be disturbed, and, to the extent that this appeal attacks such finding, the decision of the State Tax Board is affirmed.

Under the notice of appeal the Commissioner has set forth an independent ground. He has alleged that "the Board erred in allowing Carpenter a deduction under 30 *Del. C.* § 1118(2), since he is on a cash basis and, thus, the interest was not paid in the taxable year." This ground for appeal is barely intimated in the Commissioner's brief, and wholly ignored by Carpenter. Moreover counsel for the Commissioner did not in any respect argue this ground at oral argument. Under the circumstances, I have concluded that the issue raised thereunder was abandoned by the Commissioner.

An order will be entered upon motion.