**STATE TAX COMMISSIONER,**
**Appellant-Respondent,**

v.

**PUBLICKER INDUSTRIES, INC.,**
**Appellee-Petitioner.**

Superior Court of Delaware,
New Castle.

June 29, 1970.

Edward J. Wilson, Deputy Atty. Gen., Wilmington, for the Tax Commissioner.

Joseph H. Geoghegan, Potter, Anderson & Corroon, Wilmington, for appellee-petitioner.

OPINION

O'HORA, Judge.

Publicker Industries, Inc. ("Publicker") filed a claim for refund of 1964 corporate income taxes paid by Continental Distilling Corporation ("Continental"), a wholly owned subsidiary of Publicker. The State Tax Commissioner's ("Commissioner") denial of such claim for refund was reversed by the State Tax Board ("Board"). The Commissioner appeals this decision to this Court.

The decision of the Board should be affirmed by this Court if the record reflects that the evidence before the Board was "* * * reasonably sufficient to support its findings * * *" of fact and conclusions of law. Raskob v. State Tax Department, 7 W.W.Harr. 128, 180 A. 785 (Del.Super.1936). An examination, therefore, of the full record is necessitated by this appeal.

30 Del.C. § 1906 provides for the filing of State tax returns upon a consolidated basis by corporations which constitute an "affiliated group". In this instance Publicker has attempted to file on behalf of Continental an amended return as a member of such a group; whereas, the initial tax return and amendments thereto filed by Continental were filed by it as a sole taxpayer. Although Publicker and Continental constitute an "affiliated group" within the meaning of 30 Del.C. § 1906, Continental is the only corporation included in such group which is subject to 30 Del.C., Chapter 19, it being the only Delaware Corporation in said group.

For Federal tax purposes this affiliated group has heretofore always filed a tax

return upon a consolidated basis. This was done for the year 1964. Operating losses of the affiliated group in 1965 were carried back and applied to the year 1964 through the filing of an amended Federal return. The issue here is whether or not a similar amended return may be filed in Delaware which would admittedly result in a considerable tax adjustment for Continental and the affiliated group.

▮ The Commissioner does not object to the timeliness of the attempted filing of the amended return but contends that for several reasons it should not be allowed. In the first instance the Commissioner contends that Continental, having originally filed upon a separate basis, it follows that both it and its parent, Publicker, have made an election which cannot now be changed. With respect to this contention it should be noted that 30 Del. C., Chapter 19 contains no provisions requiring a taxpayer to make an election with regard to separate or consolidated returns. This is contrasted with other provisions of said Chapter which require, for example, an election between the standard deduction and an itemization of deductions. 30 Del. C. § 1118. Under the Federal law (I.R.C. §§ 1501–1505) no such election requirement is provided but is required by Federal tax regulations. This Court concludes, therefore, that there being neither a statutory requirement nor regulations requiring the specific election involved here, it cannot be said that the Commissioner's decision in this regard is, or should be, binding.

▮▮ The Commissioner further contends that, assuming the propriety of such an amended return, 30 Del.C. § 1912 read in conjunction with 30 Del.C. § 1906 permits such a consolidated return only where each corporate member of the affiliated group is a "taxpayer" as defined by 30 Del.C. § 1901, or only with respect to those corporate members of an affiliated group which are subject to the tax imposed

by 30 Del.C., Chapter 19. An examination of 30 Del.C. § 1912 does not support the contention that the only corporations which may file such consolidated returns must be members of an affiliated group and have all paid a Delaware tax. Furthermore, a careful reading of all sections relied upon by the Commissioner would indicate that the purpose thereof is to permit affiliated groups to be taxed as a single entity *without* requiring that all members of the group be Delaware "taxpayers". Thus 30 Del.C. § 1906 in its pertinent parts reads as follows:

"An affiliated group of corporations may file a consolidated return for the taxable year in lieu of separate returns; provided, that all the corporations which constitute such affiliated group at any time during the period of which the return is made and which are subject to taxation under this chapter shall consent to the making of such consolidated return. The Tax Commissioner may prescribe such rules and regulations as he may deem necessary in order that the tax liability of any affiliated group of corporations making a consolidated return and of each corporation in the group, *liable to taxation under this chapter,* both during and after the period of affiliation, may be determined, computed, assessed, collected and adjusted in such manner as clearly to reflect the net income to prevent avoidance of tax liability." (Italics supplied.)

It can be seen, therefore, that the only basic requirement is that any Delaware corporate taxpayer involved in such an affiliated group must consent to the election of the filing of a consolidated return. In this instance Continental, the only Delaware "taxpayer", has clearly given its consent.

Having reached the conclusions herein set forth, it must finally be said that the Board certainly had evidence before it "reasonably sufficient to support its find-

ings" of fact and conclusions of law. Upon review this Court is bound to affirm its decision. The Commissioner's appeal should, therefore, be denied.

It is so ordered.