[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 28, 2002
THOMAS K. KAHN
CLERK

_____

No. 01-12250
_____

Tax Court No. 2574-97

J. C. SHEPHERD,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Appeal from a Decision of the
United States Tax Court

_____

**(February 28, 2002)**

Before BLACK and HULL, Circuit Judges, and RYSKAMP*, District Judge.

_____

*Honorable Kenneth L. Ryskamp, U.S. District Judge for the Southern District of Florida, sitting by designation.

HULL, Circuit Judge:

This appeal involves the value, for federal gift tax purposes, of the transfer of minority shares of leased land by Petitioner J.C. Shepherd ("Shepherd") to his two adult sons through a family partnership. After trial, the United States Tax Court held that the transfer was an indirect gift of undivided fractional shares of land and that the value of the gift to each son was $160,876. Upon review and oral argument, we affirm the Tax Court's decision for the reasons explained in its opinion published at 115 T.C. 376 (2000).[1]

Rather than repeating what the Tax Court has already stated, we build on its observations and comment only on two issues discussed by our esteemed dissenting colleague: (1) whether the gift was properly characterized as one of interests in land instead of shares of the family partnership, and (2) whether a 33.5 percent discount is inapplicable when valuing the land gifted in this case.

## I. GIFT OF LAND

We agree with the Tax Court that the gift in this case was an indirect gift of

---

[1] We review decisions of the Tax Court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." Pugh v. Commissioner, 213 F.3d 1324, 1325 (11th Cir. 2000) (quoting 26 U.S.C. § 7482(a)(1)). Thus, we review the legal conclusions here de novo. Davis v. Commissioner, 210 F.3d 1346, 1347 (11th Cir. 2000). The Tax Court seeks to follow the law of the circuit to which an appeal may be taken from its decisions. Golsen v. Commissioner, 54 T.C. 742, 756-57 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971). See also 26 U.S.C. § 7482(b) (describing venue for review of Tax Court decisions).

land, and not partnership interests, for several reasons. First, the taxpayer himself initially reported the gift as one of land.[2] Shepherd's 1991 gift tax return listed the gift as two undivided 25 percent interests in a "Leased Fee Estate" without assigning any discount amount. His first petition for review in the Tax Court also referred to the total gift as "an undivided one-half interest" in the acreage.

Second, and even more significantly, the Tax Court correctly interpreted the undisputed sequence of events here to conclude that Shepherd's sons already held their partnership interests when their father's deed of land became effective. Initially, Shepherd owned more than 9,000 acres of land subject to a long-term timber lease. On August 1, 1991, he executed an agreement intended to create the Shepherd Family Partnership, of which he would be the managing partner and 50 percent owner. Each son would have a 25 percent ownership interest. On August 1, Shepherd and his wife[3] also executed two deeds transferring 100 percent of their interest in the land to this partnership. Shepherd's sons did not sign the partnership

_____

[2] It is not asserted on appeal that Shepherd made a direct gift of land to his sons. Indirect transfers, however, can also be taxable gifts. See 26 U.S.C. § 2511(a) (instructing gift tax applies "whether the gift is direct or indirect"); Dickman v. Commissioner, 690 F.2d 812, 814-15 (11th Cir. 1982), aff'd, 465 U.S. 330 (1984) (quoting 26 C.F.R. § 25.2511-1(c) regarding taxation of gifts "regardless of the means or device employed").

[3] Shepherd's wife participated in this transaction as a matter of custom under Alabama law in order to eliminate any claim of spousal benefits. It is not definitively asserted that she had an interest of land to give, but her role is not central to the resolution of this case.

3

agreement until August 2.

As the Tax Court correctly observed, the Shepherd Family Partnership did not come into existence under Alabama law until August 2 when Shepherd's sons signed the partnership agreement. See Ala. Code § 10-8-2 (1994) (recognizing only "association of two or more persons" as valid partnership). Until that signing, there could be no "donee capable of taking the gift" or "acceptance of the gift by the donee," both of which must occur for a gift to be legally complete. Estate of Whitt v. Commissioner, 751 F.2d 1548, 1560-61 (11th Cir. 1985). Thus, the deed of land to the partnership dated August 1 was not effective until after the partnership had sprung to life on August 2.

Because the creation of the partnership (and its interests) necessarily preceded the effectiveness of the deed, "[w]hatever interests [Shepherd's] sons acquired in this property they obtained by virtue of their status as partners in the partnership." 115 T.C. at 387. And gifts to a partnership, like gifts to a corporation, are deemed to be indirect gifts to the stakeholders "to the extent of their proportionate interests" in the entity. See 26 C.F.R. § 25.2511-1(h)(1). Thus, instead of completing a gift of land to a preexisting partnership in which the sons were not partners and then establishing the partnership interests of his sons (which would result in a gift of a partnership interest), Shepherd created a partnership in

4

which his sons held established shares[4] and then gave the partnership a taxable gift of land (making it an indirect gift of land to his sons).

Third, the dissent, while not disputing these facts, contends that (1) "Shepherd's intent was to give his sons a partnership interest in family property," (2) he simply "utilized fewer steps in his attempt to create his sons' partnership interests" than *if* he had created a valid partnership with a second partner and then transferred the shares of the partnership to his sons, and (3) elevating form over substance here would compel "the unnecessary resort to the advise of tax lawyers prior to effectuating a simple transaction."

These arguments ignore that Shepherd himself reported the gift as land and also misperceive the crucial import of facts in both tax planning and the adjudication of tax disputes. See Frank Lyon Co. v. United States, 435 U.S. 561, 576 (1978) ("[A]s the Court has said in the past, a transaction must be given its effect in accord with what actually occurred and not in accord with what might have occurred."); Don E. Williams Co. v. Commissioner, 429 U.S. 569, 579-80 (1977) (stating that "while a taxpayer is free to organize his affairs as he chooses, nevertheless, once having done so, he must accept the tax consequences of his

---

[4] Because the partnership did not hold any appreciable assets until after formation, no party argues that the initial inclusion of Shepherd's sons as partners by itself had any gift tax consequences.

choice, whether contemplated or not, ... and may not enjoy the benefit of some other route he might have chosen to follow but did not" and finding that clear facts prevented taxpayer's recharacterization of the events for tax purposes and request to "indulge in speculating how the transaction might have been recast with a different tax result") (quoting Commissioner v. National Alfalfa Dehydrating, 417 U.S. 134, 149 (1974)).[5]

## II. VALUATION

Once the Tax Court accurately determined that the gift at issue was one of land, it properly valued this property for federal gift tax purposes. First, the Tax Court correctly focused its valuation inquiry on the moment between Shepherd's transfer of the land and his sons' receipt of their interests because the gift tax is "measured by the value of the property passing from the donor." Robinette v. Helvering, 318 U.S. 184, 186 (1943); 26 C.F.R. § 25.2511-2(a). This "in transit" valuation has been described as analyzing "the moment of truth, when the ownership of the [donor] ends and the ownership of the [donees] begins." United

---

[5] The cases cited by the dissent are not to the contrary. While the Commissioner, and in some cases the taxpayer, may argue that the form a transaction did take does not always determine its tax effects (such as in cases involving sham transactions or indirect transfers), a taxpayer who has taken a concrete course of action may not avoid taxation simply by asserting that he did not take that action or intend to take that action.

States v. Land, 303 F.2d 170, 172 (5th Cir. 1962).[6]  "Brief as is the instant [of

transfer], the court must pinpoint its valuation at this instant."  Id.  See also Estate

of Bright v. United States, 658 F.2d 999, 1002 (5th Cir. 1981) (en banc) (noting

valuation for estate tax purposes "to be made at the time of the transfer").[7]

Second, applying this focus, the Tax Court correctly sought to "put [itself] in

the position of a potential purchaser of the interest at that time" to find the fair

market value.  Land, 303 F.2d at 173.  See also 26 C.F.R. § 20.2031-1(b) (defining

value under the Internal Revenue Code as "the price at which the property would

change hands between a willing buyer and a willing seller, neither being under any

compulsion to buy or to sell and both having reasonable knowledge of the relevant

facts").  Based on testimony from one of Shepherd's experts, the Tax Court applied

a 15 percent valuation discount to the gift because of characteristics of the

undivided fractional interests in land – the lack of complete control over the parcel,

the risk of disagreement about disposition of the land and the possibility of

---

[6]  In Bonner v. City of Prichard, this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.  661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[7]  Although these cases involve the estate tax, the "federal estate tax and the federal gift tax . . . are construed in pari materia, since the purpose of the gift tax is to complement the estate tax by preventing tax-free depletion of the transferor's estate during his lifetime."  Harris v. Commissioner, 340 U.S. 106, 107 (1950).

partition of the land.[8]

Despite the urgings of both Shepherd and the dissent, the Tax Court properly did not seek to value the land by reference to the sons' ownership of the land through the partnership after transfer. To do so would have ignored the fact that the gift tax is not imposed on "what the donee receives." 115 T.C. at 385. Thus, the value of an indirect gift of a land interest does not depend on how the donee receives it, whether it is held in a partnership, fee simple, a corporate escrow account, a trust or any other method for holding property used by a donee. See Land, 303 F.2d at 172 ("It is a fallacy . . . to argue value before or after [the transfer] on the notion that valuation must be determined by the value either of the interest that ceases or of the interest that begins. . . . [T]he value of the interest before or after death is pertinent only as it serves to indicate the value at [transfer].").[9] See also Estate of Watts v. Commissioner, 823 F.2d 483, 486 (11th

---

[8] We note that on appeal Shepherd only raises the legal issue of what factors are relevant to this calculation and does not contest the factual findings by the Tax Court that led to the computation of the 15 percent discount.

[9] The dissent's discussion of Land is not to the contrary. Land involved the transfer of property at the time of death. The Court stated that:

> value looks ahead. To find the fair market value of a property interest at the decedent's death we put ourselves in the position of a potential purchaser of the interest at that time. . . . A potential buyer focuses on the value the property has in the present or will have in the future.

303 F.2d at 173. Here, the Tax Court conducted precisely this analysis. It valued the relevant

Cir. 1987) (noting that "the property to be valued . . . is that which the [donor] actually transfers . . . rather than the interest held by the [donor], or that held by the [donee]"); Bright, 658 F.2d at 1006 (rejecting factoring identity of parties into valuation methodology because "[i]t would be strange indeed if the estate tax value of a block of stock would vary depending upon the legatee to whom it was devised").[10]

Although this calculation is necessarily hypothetical and often fact-intensive, it is not so difficult that the in-transit test "must give way to a more practical test to determine valuation" in this case, as the dissent urges. To do so would be to abandon this Court's carefully crafted taxation case law. Simply put, a potential purchaser of the *land interest* at the moment of transfer, with all relevant

---

property – the undivided, fractional interests in a parcel of land – at the moment of transfer, discounting their value because of future events that could impact the value of the land (partition, inability to sell, lack of control), not because future events related to who was receiving it and how they happened to hold it.

The dissent also suggests that our decision runs contrary to Kincaid v. United States, in which a reference was made to enhancement of a donee's stock value. 682 F.2d 1220, 1226 (5th Cir. 1982). In Kincaid, however, the new Fifth Circuit properly valued the indirect gift at issue there by focusing on the fair market value of the land transferred by the donor less the value of consideration received. Id. at 1224.

[10] The dissent contends that valuation of the gift here can be calculated accurately "[r]egardless of whether the gifts are characterized as indirect gifts of real estate . . . or gifts of partnership interests or enhancements thereto." Under the precedents cited here and the gift tax statute itself, however, it is obvious that identification of the object to be taxed is fundamental to selecting the proper valuation perspective and assessing the authorized tax. See 26 U.S.C. § 2501 (assessing tax on "transfer of *property* by gift") (emphasis added).

knowledge about the property in transit, would not be impacted by the

happenstance that the recipients here were receiving it through a partnership.[11]

Finally, the Tax Court correctly held that a stipulation regarding an

automatic 33.5 percent discount on the value of Shepherd's gift did not apply.

Prior to trial, the parties entered into the following stipulation regarding the sons'

minority partnership interests:

> The parties agree that the correct minority and marketability discount for a
> 25 percent interest in the Shepherd Family partnership is 33.5 percent.  This
> agreement relates only if the value of the gift(s) to the sons is measured by
> the sons' interests in the partnership rather than the value of the property
> gifted by the petitioner.

R. 25, pp. 7-8 , ¶21.  We believe, as did the Tax Court, that this stipulation does not

provide an automatic 33.5 percent discount for a gift of a 25 percent undivided

interest in *land*.  By its own terms, the stipulation only sets forth a discount "for a

25 percent *interest in the Shepherd Family partnership.*" (emphasis added)  The

second sentence of the stipulation further clarifies that it is only applicable if

Shepherd's gifts are "measured by the sons' interests in the partnership," which

_____

[11] This case also involved a gift of stock in three banks by Shepherd to this sons through the family partnership.  On appeal, neither party contests the Tax Court's resolution of the tax owed on the bank stock gifts.  However, it is telling that although Shepherd's gifts of bank shares were transferred to his sons using essentially the same structure as that for the land interests, Shepherd declared a 15 percent minority interest discount related to the bank shares themselves but did not seek to have them discounted for any factors related to their being held through the family partnership.

under our precedents is not the proper reference point for valuing a gift of land. The dissent's argument to the contrary is inconsistent with our Court's insistence that the identity or circumstances of the donee do not impact the value of the gift in transit.

## III. CONCLUSION

Thus, we affirm the Tax Court's decision for the reasons stated in its decision. As discussed herein, we believe the Tax Court properly found that (1) Shepherd's gift was an indirect gift of land to his sons, and (2) only characteristics of that gift, and not the donee's method of receiving the gift or the stipulated partnership interest discount, were relevant to discounting the value of the gift of land.

**AFFIRMED.**

RYSKAMP, District Judge, dissenting:

I respectfully dissent. For the reasons stated in Judge Foley's dissent, published at 115 T.C. 376, 416-17 (2000), and stated herein, I would reverse the Tax Court and remand this case for proceedings consistent with this dissent. The gifts should be considered as enhancements to the sons' existing partnership interests and should be valued by reference to the sons' partnership interests.

## I. BACKGROUND

Mr. Shepherd, a taxpayer residing in Berry, Alabama, has two grown sons. On August 1, 1991, Mr. Shepherd executed the Shepherd Family Partnership Agreement. On August 2, 1991, Mr. Shepherd's two sons executed the partnership agreement. Under the terms of the partnership agreement, Mr. Shepherd held 50 percent of the partnership interest and each son held 25 percent of the partnership interest. The partnership agreement granted absolute control to Mr. Shepherd by naming him the managing partner with the responsibility of day-to-day management and authorizing him to decide any deadlock among the partners. The partnership agreement stated that no partner shall have any individual ownership interest in partnership property and required the partners to waive their right to require partition of any partnership property.

On August 1, 1991, the day before the partnership agreement was executed

12

by the sons, Mr. Shepherd and his wife executed two deeds transferring their family land into the partnership. These deeds conveying the family land to the partnership were recorded on August 30, 1991. On September 9, 1991, Mr. Shepherd transferred to the partnership a minority interest of stock in each of three banks.

Mr. Shepherd filed a timely gift tax return for 1991, reporting gifts to his sons of real estate and bank stock. Mr. Shepherd reported gifts to his sons of 25 percent of the fair market value of the land and 25 percent of the total value of the bank stock, less a 15 percent minority discount. By notice of deficiency dated November 8, 1996, the Commissioner asserted a deficiency in federal gift tax against Mr. Shepherd for the calender year 1991. The deficiency was based on the Commissioner's higher valuation of the fair market value of the real estate.[1] Mr. Shepherd petitioned the Tax Court for a redetermination of the deficiency.

Mr. Shepherd argued to the Tax Court that his gifts of land and his gifts of bank stock were overstated on his tax return as the gifts were actually gifts of

---

[1] The Commissioner never challenged Mr. Shepherd's valuation of the bank stock. However, Mr. Shepherd was allowed to argue to the Tax Court that the gifts of bank stock were overvalued on his tax return. The Tax Court opinion discusses the valuations of the gifts of land and the gifts of bank stock, thereby subjecting the valuations of the gifts of land and the gifts of bank stock to this Court's review.

13

either partnership interests or enhancements of existing partnership interests.[2] Mr. Shepherd argued that his gifts should be valued to give effect to a discount in recognition of the sons' 25 percent partnership interests.

The parties stipulated that if the Tax Court were to value the gifts by reference to the sons' interests in the partnership, the correct discount would be 33.5 percent. The Commissioner argued, however, that the 33.5 percent discount is irrelevant because the gifts should not be measured by reference to the sons' partnership interests.

In its opinion reported at 115 T.C. 376 (2000), the Tax Court upheld the Commissioner's deficiency in part. The Tax Court found the fair market value of the real estate Mr. Shepherd gifted to be significantly higher than that stated by Mr. Shepherd. Further, the Tax Court held that Mr. Shepherd made indirect gifts to each of his sons of undivided 25 percent interests in the land and in the bank stock. The Tax Court specifically stated that the gifts were not gifts of partnership interests or enhancements thereto, and that therefore, the gifts were not to be measured by reference to the sons' partnership interests. The stipulated 33.5 percent discount was deemed irrelevant to valuing the gifts. The Tax Court held

---

[2] The majority gives great emphasis to the fact that the taxpayer originally claimed a gift of land, but the Tax Court gave no weight to this fact and considered the taxpayer's amended claims on the merits.

14

that the value of each gift of land was 25 percent of the total fair market value of the land, less a discount adjustment of 15 percent for lack of operational control, risk of disagreement about disposition, and the possibility of future partitioning.[3] The value of each gift of bank stock remained at what Mr. Shepherd originally disclosed on his gift tax return, 25 percent of the total fair market value of the stock, less a discount adjustment of 15 percent. These valuations resulted in Mr. Shepherd owing a deficiency in gift tax.

On appeal, Mr. Shepherd argues that his gifts should be re-characterized as gifts of partnership interests or enhancements thereto that must be valued taking into account the partnership's stipulated impact. Even if the gifts remain characterized as indirect gifts of real estate and bank stock, Mr. Shepherd asserts that the valuation of the gifts must take into account the existence of the partnership and its stipulated impact. The Commissioner argues that the Tax Court correctly found the gifts to be indirect gifts of land and bank stock, the valuations of which should not be measured by reference to the sons' partnership interests.

## II. DISCUSSION

The issue on appeal is how to value, for gift tax purposes, the gifts Mr. Shepherd made to his sons. The majority, agreeing with the Tax Court, finds that

---

[3] Under the partnership agreement, the partners waived the right of partition.

15

the gifts were indirect gifts of land and bank stock, the valuations of which are not determined by reference to the partnership. I disagree.

First, I find fault in the Tax Court's classification of Mr. Shepherd's gifts. Accepting the Tax Court's classification of the gifts elevates form over substance. Mr. Shepherd's intent was to give his sons a partnership interest in family property. The parties agree that if Mr. Shepherd originally created the partnership with his wife, conveyed the family property to the partnership (a tax-exempt transaction), and then gave his partnership interest to his sons and had his wife give her partnership interest back to him, the sons would receive gifts of partnership interest in the family property, the valuation of which would take into account the stipulated impact of the partnership.[4] However, since Mr. Shepherd utilized fewer steps in his attempt to create his sons' partnership interests in the family property, the gifts to the sons are classified as indirect gifts whose value does not take into account the effect of the partnership but do take into account the discount for the minority interests. Such an elevation of form over substance compels the unnecessary resort to the advise of tax lawyers prior to effectuating a simple

---

[4] The same result could be achieved through the creation of a corporation or a trust. If Mr. Shepherd created a corporation or a trust, conveyed the family property to the corporation or the trust, and then gave interests in the corporation or the trust to his sons, the sons would receive gifts of corporate or trust interests in the family property which would take into account the limitations imposed on the gifts by the corporation or the trust.

16

transaction.  See United States v. Heller, 866 F.2d 1336, 1341 (11th Cir. 1989) (stating that "[f]ederal tax law is concerned with the economic substance of the transaction under scrutiny and not the form by which it is masked."); Commissioner v. Court Holding Co., 324 U.S. 331, 334 (1945) (stating that "[t]he incidence of taxation depends upon the substance of a transaction...[t]o permit the true nature of a transaction to be disguised by mere formalisms, which exist solely to alter tax liabilities, would seriously impair the effective administration of the tax policies of Congress."); Gregory v. Helvering, 293 U.S. 465, 470 (1935) (finding the economic substance of the transaction to be controlling and stating "[t]o hold otherwise would be to exalt artifice above reality and to deprive the statutory provision in question of all serious purpose.").

Furthermore, accepting the Tax Court's classification, as pointed out by Judge Foley, runs contrary to Kincaid v. United States, 682 F.2d 1220 (5th Cir. 1982).  The Kincaid Court found that an unequal exchange in which a mother gave property to a closely-held corporation in exchange for stock resulted in a gift to the other stockholders, her sons, of enhancement in the value of their stock.  See 682 F.2d at 1226.  Although Kincaid raises the possibility of classifying Mr. Shepherd's gifts as enhancements in the sons' partnership interests, nothing in the Tax Court opinion addresses this possibility or attempts to distinguish the

17

classification of the Mr. Shepherd's gifts from the classification of the gift in Kincaid.

Even if I agreed with the Tax Court's classification of the gifts, I would still find fault with the Tax Court's valuations of the gifts. Regardless of whether the gifts are characterized as indirect gifts of real estate and bank stock or gifts of partnership interests or enhancements thereto, the valuations of the gifts must take into account the effect of the partnership. The donees, the gifts and the interests acquired cannot be determined without reference to the partnership agreement.

The law of this Circuit is clear that the value of a gift for gift tax purposes is not determined when the gift is in the hands of the donor or when the gift is in the hand of the donee; instead, the value of a gift for gift tax purposes is determined when the gift is in no hands, in transit between the donor and the donee. See Estate of Watts v. Commissioner, 823 F.2d 483 (11th Cir. 1987); Estate of Bright v. United States, 658 F.2d 999, 1001 (5th Cir. 1981)(en banc); United States v. Land, 303 F.2d 170 (5th Cir. 1962).[5] Although this "valuation in transit" rule is clear, it does not hold much practical meaning in this case. Both the Commissioner and

---

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. In Stein v. Reynold Secur., Inc., 667 F.2d 33 (11th Cir. 1982), this court adopted as binding precedent all en banc decisions of the former Fifth Circuit issued after September 30, 1981.

18

Mr. Shepherd argue before this Court that their analysis values Mr. Shepherd's gifts in transit. Yet, the Commissioner's analysis and the opinion of the Tax Court value the gifts in the hands of the donor, and Mr. Shepherd's analysis values the gifts in the hands of the donee. Simply stating that the gift is to be valued in transit is therefore not helpful when the nature of the gift is transformed in transit from realty to personalty. The application of the "valuation in transit" rule must give way to a more practical test to determine valuation.

The Supreme Court has recognized that the value of transferred property for estate and gift tax purposes is the "price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell and both having reasonable knowledge of relevant facts." United States v. Cartwright, 411 U.S. 546, 551 (1973); see also Gift Tax Regs. § 25.2512-1. This "willing buyer- willing seller" test is the practical method to determine the value of a gift in transit. Determining the price at which Mr. Shepherds' gifts would freely change hands under such circumstances is all that is necessary to determine the values of Mr. Shepherd's gifts in transit.

It is clear that the price at which Mr. Shepherd's gifts would change hands between a willing buyer and a willing seller, not being under any compulsion to sell and knowing all relevant facts, would take into account the impact of the

19

partnership. The partnership was a condition of Mr. Shepherd's gifts. If there were no partnership, there would be no hypothetical sale since the land and bank stock were given to the partnership. The existence of the partnership agreement is therefore a very relevant fact that a willing buyer and a willing seller would consider when determining the price of the gifts. The restrictions and regulations imposed by the partnership agreement, including the restriction against partitioning any partnership property, would affect the price that a buyer would be willing to pay for the land and for the bank stock given by Mr. Shepherd.

The "willing buyer-willing seller" test to determine the values of Mr. Shepherd's gifts appears to emphasize the values of the gifts in the hands of the donee. Although seemingly contrary to the "valuation in transit" rule, such an emphasis on the future values of the gifts is accepted and even encouraged by the binding precedent of this Circuit. In analyzing the value of property that passed upon death, the Land court stated that "a basic economic fact" is that "value looks ahead." 303 F.2d at 173. A potential buyer, therefore, "focuses on the value the property has in the present or will have in the future." Id. In Land, the value of the bequest increased at the moment of passing (death), and the Commissioner successfully argued that the value in the hands of the devisees should prevail. See 303 F.2d at 173-75. The same rule should apply when the value decreases at the

20

moment of passing.

I find the Tax Court's valuations of Mr. Shepherd's gifts to be erroneous. The Tax Court did appear to take into account relevant facts such as lack of control, risk of disagreement in disposition, and the possibility of future partitioning, but the court did not take into account the partnership, specifically stating that "the subject gifts are not measured by reference to the sons' partnership interests." 115 T.C. at 401. It is clear, however, that a willing buyer and a willing seller would take into account the impact of the partnership and its restrictions and regulations and discount the price accordingly. The value of the gifts must therefore be discounted by the impact of the partnership, the stipulated 33.5 percent discount. To hold otherwise clearly defies common sense and the Land court's acknowledgment that value looks ahead.

This case turns on the fact that the partnership was in existence at the time of the gifts rather than on conveyance of partnership interests from the donor to the donee. This latter scenario would have involved the stipulation and the 33.5 percent discount. I would find that the enhanced discount would apply even if the gifts are described as indirect gifts which enhanced the sons' existing partnership interests.

21